JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant Catherine Brady appeals from the trial court orders that granted the motion for judgment on the pleadings filed by defendants-appellees the law firm of Hickman Lowder Co., L.P.A., and attorney Elena A. Lidrbauch. Appellant filed her complaint in the trial court for legal malpractice, purporting to act in her capacity as holder of a durable power of attorney for her mother, Nora T. Brady, and for "negligent misrepresentation" personally, as a future beneficiary of her mother's estate.
 {¶ 2} Appellant argues that judgment for appellees on both claims set forth in her complaint was improper. She contends the material before the trial court demonstrated the issues she raised deserved further scrutiny.
 {¶ 3} Following a review of the record, this court disagrees. Therefore, appellant's assignments of errors are overruled, and the judgment of the trial court is affirmed.
 {¶ 4} Appellant filed her complaint in the trial court on September 4, 2002. She placed her mother's name first in the caption. Below Nora Brady's name, appellant indicated the action was brought on her mother's behalf "By: a Joint Power of Attorney;" appellant attached a copy of this document to the complaint pursuant to Civ.R. 10(D).[1]
Appellant also set forth her own name, individually, as a plaintiff in the action.
 {¶ 5} For her first claim, appellant alleged the action was one "for professional malpractice" against appellees. Paragraph 4 stated that appellees had rendered legal services to "Edward G. Brady, fiduciary to Nora T. Brady, in [a] Guardianship proceeding." Appellant further alleged in Paragraph 5 that appellees had a duty to represent her mother with "reasonable care, skill and diligence" but breached that duty.
 {¶ 6} Appellant explained the foregoing allegations by asserting in Paragraphs 6 through 14 as follows: she and her sister had been given by their mother a durable power of attorney that had been recorded on April 20, 2002; on May 1, 2000, Edward Brady had filed in the probate court with appellees' help an application for the appointment of a guardian for Nora, claiming Nora was incompetent; the application was granted on May 17, 2000; the application contained a misrepresentation of Nora's annual income; a conversion by unnamed persons of a large portion of the undisclosed income had occurred between August and December, 2001; the conversion had been made possible in part because appellees negligently had failed either to contact appellant or to obtain appropriate documentation before helping Edward to file the application for Nora's guardianship.
 {¶ 7} Pursuant to Civ.R. 10(D), appellant attached copies of all the court documents to which she referred. These included a notice directed to her mother at the address at which they both lived of the May 17, 2000 hearing on the application for guardianship.
 {¶ 8} Appellant alleged that both she and her mother had been damaged by appellees' negligent actions and omissions. Specifically, in Paragraph 15, appellant alleged her "expectancy" in her mother's estate had been "compromised," and her mother had lost "investment funds" as a result of appellees' breach of their "duty to exercise reasonable care, skill and diligence when acting on behalf of a fiduciary for Plaintiff, Nora T. Brady."
 {¶ 9} Appellees filed a joint answer to the complaint. In pertinent part, they asserted the defenses of lack of an attorney/client relationship and lack of standing. Appellees alleged appellant had not been their client and, further, the probate court had revoked appellant's authority to use the power of attorney to which she referred in the complaint. As had appellant, appellees attached copies of the relevant court documents to their pleading.
 {¶ 10} Subsequently, appellees jointly filed separate Civ.R. 12(C) motions for judgment on the pleadings on each of appellant's asserted claims. Appellees reattached as exhibits to the motions the same documents that already had been incorporated into the pleadings.
 {¶ 11} As to appellant's claim based upon the power of attorney her mother had conferred, appellees repeated their assertion the power had been revoked and appellant therefore lacked standing to bring an action in her mother's name. Appellees further asserted that their client, Edward Brady, had been in an adversarial position with respect to Nora Brady during the application process for guardianship of her person; consequently, neither Nora Brady nor appellant possessed any legal claim for malpractice against them. Finally, appellees asserted that the statutory requirements for guardianship of a person did not lend any support to appellant's claim; the statutes required neither a specific declaration by the applicant of the proposed ward's assets nor an investigation of the applicant's reporting accuracy by his attorneys.
 {¶ 12} As to appellant's personal claim, appellees asserted it, too, must fail. Appellees noted appellant had failed to allege either an intent on their part to interfere with her expectancy in her mother's estate, or the existence of any attorney/client relationship between appellees and appellant.
 {¶ 13} Appellant responded with motions "to strike." Although appellant attached several documentary exhibits to these motions, she did not seek to convert the matter into one for summary judgment pursuant to Civ.R. 56. The trial court subsequently declined to strike appellees' motions.
 {¶ 14} Thereafter, appellant filed a brief in opposition to them. Appellant argued she could amend her complaint; she also argued she could prove her claims with additional time for discovery and response if the trial court would consider the matter converted into motions for summary judgment by appellees.
 {¶ 15} The trial court, however, eventually granted appellees' motions for judgment on the pleadings. Upon appellant's timely request, the trial court additionally issued findings of fact and conclusions of law to explain its decision.
 {¶ 16} Appellant's appeal from the trial court's decision to grant appellees' Civ.R. 12(C) motions presents the following assignments of error for review:
 {¶ 17} "I. The trial court erred in granting a judgment on the pleadings against appellant as Power of Attorney (sic).
 {¶ 18} "II. The trial court erred in granting a judgment on the pleadings against appellant Catherine Brady."
 {¶ 19} Appellant argues dismissal of her two claims was improper. She contends the "evidence" before the trial court was adequate to demonstrate the existence of issues of fact that preclude dismissal.
 {¶ 20} The "issues of fact" to which she refers in her argument are the following: the probate court's jurisdiction to grant Edward Brady's application for guardianship of Nora Brady and to terminate appellant's power of attorney; appellant's standing in the action as a "vested beneficiary" in her mother's estate and thus a person in privity with appellees' "client," Nora Brady; and, the probate court's "reliance" upon information appellees provided by way of Edward Brady's application for guardianship of Nora Brady's person.
 {¶ 21} Appellant's foregoing "issues of fact" completely miss the issues of law the trial court considered. Therefore, her entire argument lacks merit.
 {¶ 22} A court's review of a Civ.R. 12(C) motion is limited to only the allegations contained in and any writings properly attached to the parties' pleadings; moreover, it presents only questions of law.Peterson v. Teodosio (1973), 34 Ohio St.2d 161; Burnside v. Leimbach
(1991), 71 Ohio App.3d 399. Appellant, therefore, simply by attaching purported evidentiary materials to her opposing brief, could neither convert appellees' motions to motions for summary judgment nor create issues of fact. Piersant v. Bryngelson (1989), 61 Ohio App.3d 359.
 {¶ 23} Appellant first asserted she was bringing a claim based upon a valid power of attorney from Nora Brady. Appellees answered that appellant lacked standing to bring that claim, because her power of attorney was revoked rather than valid. The documents attached to the pleadings demonstrated the truth of appellees' defense. Appellant could not overcome this defense by attempting in the trial court collaterally to attack the probate court's jurisdiction to approve the revocation.[2]
R.C. 2505.01.
 {¶ 24} Appellant next asserted a claim for legal malpractice. As to this claim, appellant necessarily was required to assert the existence of an attorney/client relationship between her and appellees that imposed a professional duty upon them toward her. Vahila v. Hall,77 Ohio St.3d 421, 1997-Ohio-259. Appellant's complaint, however, stated that appellees' client was Edward Brady, not Nora Brady. Moreover, appellant claimed Edward Brady had engaged appellees' services to help him in a proceeding that was not representative of, but, rather, adversarial to Nora Brady.
 {¶ 25} Appellant's attempt to overcome this flaw by additionally claiming appellees were liable to her on a theory of "negligent representation" was unavailing. In Ohio, such liability arises only in cases "where the third person is in privity with the client or the attorney acts maliciously." Am. Express Travel Related Serv. Co., Inc. v.Mandilakis (1996), 111 Ohio App.3d 160, 165. Appellant neither alleged in her complaint "special circumstances, such as fraud, bad faith, collusion or other malicious conduct" on the part of appellees, nor privity, since she had no "vested interest" in either the outcome of the guardianship proceeding or the estate of a living person. Cf., Elam v. Hyatt LegalServ. (1989), 44 Ohio St.3d 175.
 {¶ 26} Based upon a perusal of the pleadings, therefore, the trial court correctly determined appellees were entitled to judgment on both of appellant's claims. Smith v. Brooks (Sept. 14, 2000), Cuyahoga App. No. 76564. Appellant's assignments of error, accordingly, are overruled.
 {¶ 27} The trial court's decision to grant appellees' Civ.R. 12(C) motions is affirmed.
Ann Dyke, J. concurs and Sean C. Gallagher, J. Concurs in judgmentonly.
[1] Appellant did not explain anywhere in the pleadings the reason that the other "joint holder" of the power of attorney, her sister Helene M. Brady, was not a party to the complaint.
[2] As an aside, this court notes that its recent decision in Brady v.Benzig, Cuyahoga App. No. 81894, 2003-Ohio-3354 has determined the issues of appellant's standing to bring an action on her mother's behalf pursuant to the power of attorney, the probate court's jurisdiction over the guardianship of her mother, and the probate court's decision with regard to the appointment of a guardian for Nora Brady and her estate.