JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants 3-J Machining Service, Inc. et al. ("3-J") appeal from the decision of the trial judge of the Rocky River Municipal Court denying 3-J's motion for leave to file a counterclaim, granting judgment in favor of plaintiff-appellee R.C.H. Co. ("RCH") and awarding attorney fees to RCH. Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal.
 {¶ 3} On January 25, 1999, RCH leased premises to 3-J for use as a machine shop. 3-J fell behind in its lease payments. In September 1999, RCH filed an eviction action. The parties settled that action agreeing 3-J would pay RCH $3,000 and vacate the premises. The payment was made and 3-J vacated the premises.
 {¶ 4} Upon examination of the premises, RCH found damage caused by 3-J. On January 8, 2001, RCH filed a complaint against 3-J to recover the costs of repair. Prior to trial, on October 1, 2002, 3-J filed a motion for leave to file a counterclaim. The judge held a hearing on November 19, 2002 regarding the motion for leave and denied it later that month. A trial date was set for December 5, 2002.
 {¶ 5} The trial was held on December 5, 2002, at which time RCH presented photographs, testimony and receipts for repairs made to the premises following 3-J's eviction. RCH also presented evidence regarding attorney fees expended in connection with the damage caused by 3-J and the resulting litigation. The judge awarded RCH $603 in damages and $2,025 in attorney fees.
 {¶ 6} 3-J advances three assignments of error for our review.
 {¶ 7} "I. The trial court erred and abused its discretion by granting judgment against defendants-appellants."
 {¶ 8} Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279. Questions of fact are best left to the trier of fact. Iler v. Wright, Cuyahoga App. No. 80555, 2002-Ohio-4279. It has long been held that fact finders are generally charged with drawing reasonable inferences from established facts and that they view the witnesses, observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the testimony. Id. If the evidence is susceptible to more than one interpretation, the reviewing court is bound to give it that interpretation which is consistent with sustaining the verdict and judgment.[1] Seasons Coal Co., Inc. v. Cleveland (1984),10 Ohio St.3d 77.
 {¶ 9} At trial each party presented conflicting testimony with regard to the extent of damage or lack thereof attributable to 3-J. Based upon the review of the evidence and the credibility of the witnesses and their demeanor, gestures, voice inflections, and other observations, the judge determined RCH's testimony was credible regarding the $603 worth of damage caused by 3-J.
 {¶ 10} RCH presented the testimony of its general partner, Robert Huge ("Huge"), regarding damage to its premises found upon the eviction of 3-J. Huge testified he obtained estimates from two companies. One company estimated the cost to repair the damage done to the electrical system was $5,275. Huge testified that a second company estimated that the cost to repair the damage to the walls was $603.
 {¶ 11} 3-J objected to testimony about these estimates and admission of the estimates themselves as irrelevant because neither company had actually been hired to complete these repairs. While not formally sustaining or overruling 3-J's objection, the trial court instructed RCH to obtain testimony "[to assess Huge's] time and put an hourly wage to his time and put his materials and put his damages in that fashion."
 {¶ 12} Huge then testified that he spent "in the vicinity of 40 hours to repair the walls" and that he would customarily charge $30 per hour to do such work. Huge also testified that the materials he purchased cost around $100.
 {¶ 13} This testimony, when calculated, indicates $1,300 in damages to the walls. The court only awarded $603. This reduction conceivably takes into account any actual or perceived contributory damage purportedly caused by the plaintiff. Regardless, it is the trial court's decision to determine the credibility of the evidence in evaluating the damage claim. The court, relying on the photos, the three estimates and the testimony, determined the lowest estimate presented was the best indicator of the damage caused to the walls.
 {¶ 14} 3-J also objected to Huge's testimony regarding the alleged damage to the electrical system. More than three years elapsed from the time the damage to the electrical system was discovered to the trial date, with no repairs being attempted or completed. While the trial court admitted testimony regarding the electrical system damage, over objection, as relevant to determining damages caused by 3-J, the trial court declined to award any damages on the issue. The trial court's sole award of damages focused on the damage to the wall. The trial court apparently evaluated the photos, estimates and the related testimony regarding the actual time and materials spent to repair the wall by RCH and awarded RCH $603 in damages.
 {¶ 15} In accordance with the standard of review, we are bound to give the evidence the interpretation consistent with the judgment. Id.
 {¶ 16} This assignment of error is overruled.
 {¶ 17} "II. The trial court erred and abused its discretion by granting attorney fees to plaintiff-appellee."
 {¶ 18} The awarding of attorney fees is within the sound discretion of the trial court. Tovar v. Tovar (Nov. 10, 1993), Cuyahoga App. No. 63933. Therefore, an award of attorney fees will only be disturbed upon a finding of an abuse of discretion. Id.
 {¶ 19} An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Clark, 71 Ohio St.3d 466, 1994-Ohio-43. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re JaneDoe I (1991), 57 Ohio St.3d 135. At the outset, "the presumption of validity and regularity attends the court's determination that the [attorney] fees [awarded] were reasonable." Reminger Reminger Co.,L.P.A. v. Fred Siegel Co., L.P.A. (Mar. 1, 2001), Cuyahoga App. No. 77712. With this standard in mind, we review the matter before us.
 {¶ 20} 3-J argues that, absent statutory authorization, an award of attorney fees to a prevailing party is improper. As authority for that proposition, 3-J cites Sorin v. Bd. of Education (1976), 46 Ohio St.2d 177. As Sorin did not involve the interpretation of a contract term requiring the indemnification of a party for attorney fees, 3-J's reliance on that case is misplaced.
 {¶ 21} This case involves the enforcement of an attorney fee indemnification provision in the parties' lease. That provision provided for the indemnification of RCH by 3-J for attorney fees if litigation commenced concerning 3-J's performance under the lease. Ohio law recognizes that such provisions are enforceable. Worth v. Aetna (1987),32 Ohio St.3d 238.
 {¶ 22} Notwithstanding, 3-J argues that the trial court abused its discretion in awarding attorney fees when it not only failed to make the findings necessary to support an award but where the evidence was insufficient to make a proper finding.
 {¶ 23} In this case, RCH's evidence of the reasonableness of attorney fees was limited to testimony from one of its principals as to the amount of those fees, which included $1,575 in fees accrued to the date of trial plus $450 attributed to fees for trial. 3-J offered no opposing evidence and, indeed, did not cross-examine RCH's witness on this issue.
 {¶ 24} Relying on this court's decision in Pyle v. Pyle (1983),11 Ohio App.3d 31, 3-J contends that the trial court "must consider" several factors when determining the proper award of attorney fees. These factors include, among others, (1) time and labor, novelty of issues raised and necessary skill to pursue the course of action; (2) customary fees in the locality for similar legal services; (3) result obtained; and (4) experience, reputation and ability of counsel. Id. at 35. Pyle does not stand for the proposition, as 3-J implies, that the trial court must obtain sworn evidence upon each of these factors in awarding attorney fees. Indeed, these factors are merely guidelines for determining a reasonable fee. Swanson v. Swanson (1976), 48 Ohio App.2d 85, 91. Additionally, we find no justification for requiring a trial court to enumerate those factors it considered on the record.
 {¶ 25} On the contrary, Pyle leaves the determination of what evidence will be heard by the trial court to the trial court itself. "[T]he award of attorney fees is to be a reasonable amount determined by the trial court upon presentation of sworn evidence." Pyle,11 Ohio App.3d at 35. That evidence may take the form of testimony, affidavits, answers or other forms of sworn evidence. As long as sufficient evidence is presented to allow the trial court to arrive at a reasonable attorney fee award, the amount of the award will not be disturbed absent an abuse of discretion.
 {¶ 26} We acknowledge that this court has previously stated that there must be "some evidence" of the reasonableness of attorney fees in order to justify an award of those fees. Ordinarily, that evidence consists not only of the time spent and the attorney's hourly rate, but also of the factors set forth in DR 2-106(B)[2] as well. See Drake v.Menczer (1980), 67 Ohio App.2d 122, 126 (Krenzler, J., concurring); see, also, Davis v. Reed (June 20, 1996), Cuyahoga App. Nos. 68699 
68700. Notwithstanding the paucity of testimony on the reasonableness of fees, we find the award of attorney fees to be reasonable under the facts of this case. Unlike Davis v. Reed, supra, the fees awarded in this case pale in comparison.
 {¶ 27} Davis was a landlord/tenant action tried in municipal court wherein the court awarded over $14,000 in attorney fees after only considering the affidavits of counsel as to the time spent and their hourly rates. The municipal court in this case, on the other hand, awarded a total of $2,025 upon the testimony of an RCH principal. We are loathe to adopt a blanket analysis of the reasonableness of attorney fees based on a relatively minimal fee. Under the facts of this case, however, it would defy common sense if we were to return this case to the trial court in order for it to engage in a rather lengthy analysis that would only increase the amount of attorney fees incurred, especially where it appears to us that attorney fees charged are comparatively low. We want to encourage every attempt to contain legal costs so as to afford aggrieved individuals a vehicle of redress within which to pursue justice in an expeditious and cost-effective manner.
 {¶ 28} Our conclusion here today does not mean that we would uphold an award of attorney fees based on minimal analysis just because the fees awarded are comparatively low. To be sure, the better practice is for the trial court to employ the analysis set forth in DR 2-106(B) in all cases. Nonetheless, under the facts of this case, we see no abuse of discretion in the trial court's award.
 {¶ 29} This assignment of error is overruled.
 {¶ 30} "III. The trial court erred and abused its discretion by failing to grant defendants-appellants leave to file a counterclaim."
 {¶ 31} It is within the trial court's discretion to permit a party to amend its responsive pleading to include a counterclaim, and its decision will not be disturbed absent a showing of abuse of that discretion. Monaco v. Ted Terranova Sales, Inc. (Aug. 28, 1984), Franklin App. No. 83AP-351.
 {¶ 32} 3-J vacated the leased premises in September 1999. It claims to have left behind a piece of equipment, called a universal milling machine ("equipment"), valued in excess of $8,000. 3-J also claims that RCH subsequently refused to return the equipment. In October 2002, more than three years since vacating RCH's premises and more than 18 months after the filing of this action, 3-J's counsel filed a motion for leave to file a counterclaim relating to this piece of equipment. 3-J's motion did not offer any explanation for the delay in alleging the counterclaim. RCH opposed the granting of leave to file the counterclaim.
 {¶ 33} In 3-J's supplemental motion, it provided that the motion was filed in October 2002 "because during a lunch meeting with Defendant's counsel, one of Defendant's officers advised counsel that Plaintiff had thrown away a piece of Defendant's equipment * * *." Although no date for the lunch meeting is included in the motion, the implication is that 3-J had failed to inform its counsel of the status of this piece of equipment prior to October 2002. 3-J made it clear, however, in an affidavit filed on its behalf, that it was well aware of the existence of the dispute over the equipment since 1999.
 {¶ 34} Jerry Moore, a principal of another lessee of RCH's premises, Magic, Inc. ("Magic"), filed an affidavit on 3-J's behalf regarding this equipment. Moore claimed that since 1999, despite repeated calls and letters from Magic representatives and letters from prior counsel for Magic, all on 3-J's behalf, RCH refused to permit anyone to re-enter the premises to retrieve the equipment.
 {¶ 35} 3-J claims to have left this equipment on RCH's premises in 1999 and to have attempted to recover it through intermediaries. Accepting this claim for purposes of argument, 3-J was aware of a dispute over the equipment during all times pertinent to this action, including the date RCH's complaint was received by 3-J, the date 3-J's answer was filed, and the date of every pre-trial during more than 18 months of litigation.
 {¶ 36} Considering these factors, the judge's denial of 3-J's motion for leave to file a counterclaim on the eve of trial was not an abuse of discretion.
 {¶ 37} This assignment of error is overruled.
 {¶ 38} The judgment is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Diane Karpinski, P.J., and Timothy E. McMonagle, J., concur.
[1] We note that the wording of 3-J's assignment of error implies an abuse of discretion standard for review of this assignment of error, and that standard was implicitly adopted by RCH. However, abuse of discretion is not the proper standard.
[2] DR 2-106(B) sets forth several factors to be considered in determining the reasonableness of attorney fees. These factors include (1) the time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.