JOURNAL ENTRY and OPINION
{¶ 1} In this consolidated appeal plaintiff-appellant Catherine M. Brady ("Brady") appeals various rulings by the Cuyahoga County Court of Common Pleas relating to her action against defendant-appellee Hickman Lowder, Co., LPA ("Hickman") and attorney Elena A. Lidrbauch for legal malpractice, negligent representation, and intentional interference with inheritance. For the reasons stated below, we affirm.
 I. {¶ 2} On September 4, 2002, Brady filed her complaint. On October 10, 2002, Hickman answered,[1] arguing that Brady lacked standing and also failed to state a claim upon which relief could be granted because Brady's status as power of attorney for Nora T. Brady had been revoked. On October 18, 2002, Hickman filed a motion for judgment on the pleadings. On January 30, 2003, the motions were granted.[2]
 {¶ 3} On February 2, 2003, Hickman filed a motion for sanctions against Brady alleging frivolous conduct. Hickman advanced that the action was fraudulent because Brady's status as power of attorney had been revoked, and she was aware she lacked standing to bring the suit on behalf of Nora T. Brady. Also, Brady's claim for intentional interference lacked merit because the facts pleaded could not support a finding of intentional conduct.
 {¶ 4} The hearing on the motion for sanctions was held on April 25, 2003. On June 2, 2003, the court issued its findings of fact and conclusions of law in favor of Hickman, ordering Brady to pay the amount of $12,374.30 for legal fees and costs, including the services of Hickman's expert in an amount not to exceed $1,000.
 {¶ 5} Brady filed the instant appeal, but this court found that the amount for the expert's services was an indeterminate sum and thus not a final appealable order.[3] We therefore dismissed the appeal. On September 9, 2003, Hickman filed a motion for clarification of the trial court's order awarding attorney fees and costs. The court, despite Brady's brief in opposition, granted the clarification, changing its order from "* * * including the services of its expert in an amount not to exceed $1,000.00" to "defendants, in addition to the $12,374.30 award for attorney's fees, are hereby awarded costs in the amount of $1,000.00 for their expert's services." On October 30, 2003, this court granted Brady's motion for reinstatement of the case and vacated the previous order dismissing the appeal.[4]
 {¶ 6} It is from the trial court's clarification of the order and granting of the motion for sanctions that Brady timely appeals and advances seven assignments of error for our review.[5]
 II. {¶ 7} In her first assignment of error, Brady argues that "the trial court erred by granting appellee's motion for clarification dated October 7, 2003 where the Eighth District Court of Appeals dismissed the order of June 2, 2003 without remand" This assignment of error is without merit and overruled.
 {¶ 8} On June 2, 2003, the trial court ordered Brady to pay Hickman the attorney fees, costs, and expert fees associated with the underlying action. This court initially dismissed Brady's appeal of the trial court's award of fees because the amount for the expert's services was an indeterminate sum, and, therefore, was not a final appealable order.[6]
 {¶ 9} Brady erroneously concludes that because this court did not remand the case back to the trial court, the June 2, 2003 order is void. Brady thus concludes that because the order was voided, the trial court's subsequent modification of its entry, dated October 7, 2003, was improper and void ab initio. Brady is wrong.
 {¶ 10} It is axiomatic that an order must be final before it can be reviewed by an appellate court. Section 3(B)(2), ArticleIV, Ohio Constitution. "Lack of finality renders an appellate court without jurisdiction to review the matter and the appeal must be dismissed."Stevens v. Ackman (2001), 91 Ohio St.3d 182;Surgical Servs. v. Cremeans, Cuyahoga App. No. 83493, 2004-Ohio-2330. An appellate court's lack of jurisdiction on a particular issue bears no ill effect upon the lower court's ability to issue new orders that are not inconsistent with the appellate court's jurisdiction. Other than the absence of jurisdiction, this court made no other findings related to the June 2, 2003 order.
 {¶ 11} Brady's first assignment of error is overruled.
 III. {¶ 12} In her second assignment of error, Brady argues that "the trial court erred by not dismissing the motion for sanctions for the reason that no exhibits were properly offered into evidence; therefore, there is nothing before the court." Brady's argument is without merit.
 {¶ 13} The failure to object at trial or hearing results in a waiver of the matter on appeal. Mars Empl. v. Mega Solutions,Inc. (June 8, 2000), Cuyahoga App. No. 76325. At the hearing upon the motion for sanctions, the court asked Brady, "Do you have any objection to Exhibits 1 through 18, mostly court documents?" She responded, "No." The court continued, "No objection. 1 through 18 are in. Okay. Now we're at your half of the case. Do you have any witnesses to call?" Brady responded, "No * * *."
 {¶ 14} The only objection concerning the introduction of evidence occurred before the testimony of Hickman's expert, Patrick Holland ("Holland"). Prior to Holland taking the stand, Brady objected on two points. First, she objected generally to Holland's proposed testimony and qualifications as an expert. Secondly, she asked that Holland's testimony be stricken, in part because portions of his expert opinion included attorney practice, not just billing. The trial court addressed the first part of Brady's objection, finding that it cannot strike what has not been heard. Also, the court agreed with Brady as to the scope of Holland's testimony and limited it and his report only to the reasonableness of Hickman's services, not the manner of those services.
 {¶ 15} As these objections relate to the introduction of the exhibits, we find that a general objection prior to the testimony and introduction of evidence is insufficient to preserve the issue for appeal. Brady was presented an opportunity to specifically address the introduction of exhibits 1 through 18 but failed to do so. The court had ample evidence with which to reach its findings.
 {¶ 16} Brady's second assignment of error is overruled.
 IV. {¶ 17} In her third and fourth assignments of error, Brady argues that the trial court erred in awarding fees for frivolous conduct pursuant to R.C. 2323.51 and Civ.R. 11. We disagree.
 {¶ 18} Appellate review of a trial court's decision to impose sanctions pursuant to Civ.R. 11 and R.C. 2323.51, and upon whom to impose such sanction, is on an abuse of discretion standard.[7] Burrell v. Kassicieh (1998),128 Ohio App.3d 226. Pursuant to R.C. 2323.51(B), "the court may award costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to a party to the civil action or appeal who was adversely affected by frivolous conduct." A hearing is mandatory under R.C.2323.51 only when sanctions are imposed and is not necessary when a court determines, upon consideration of the motion and in its discretion, that it lacks merit. Beal v. Allen, Cuyahoga App. No. 79567, 2002-Ohio-4054.
 {¶ 19} In her complaint, Brady filed suit as "* * * next of kin and designated attorney in fact for Nora T. Brady, per General Durable Power of Attorney * * *." Hickman filed motions for judgment on the pleadings, raising as defenses the lack of an attorney/client relationship and standing. The trial court awarded judgment to Hickman, and an appeal followed.[8]
 {¶ 20} Following the appeal and upon Hickman's motion for sanctions and subsequent hearing, the trial court found that Brady knew she was without standing to bring the suit on her mother's behalf and, in doing so, violated DR 7-102 and Civ.R. 11. Further, the trial court found that Brady's complaint was frivolous under R.C. 2323.51.
 {¶ 21} Despite the lack of standing as power of attorney, Brady argues that she also filed as an individual under a claim for negligent misrepresentation. This court, however, found her claim unavailing because she failed to establish either that Hickman acted maliciously or that she was in privity with her mother, since she had no vested interest in either the outcome of the guardianship proceeding or the estate of a living person. Id. Brady now argues that she can maintain an action as the daughter of Nora T. Brady pursuant to Arpadi v. First MSP Corp. (1994),68 Ohio St.3d 453 and Orshoski v. Kreiger (Nov. 9, 2001), Ottawa App. No. OT-01-009. We find both cases distinguishable from the case at bar.
 {¶ 22} In Arpadi, the Supreme Court of Ohio held that an attorney retained by a fiduciary owes a similar duty to those with whom the client has a fiduciary relationship. However, the Sixth Circuit explained Arpadi, finding that "the holding of the Supreme Court of Ohio in Arpadi turned upon the baseline principle that in a limited partnership, the general partner owes a fiduciary duty to the limited partners of the enterprise."Thompson v. Karr (C.A. 6, 1999), 182 F.3d 918. Other cases citing Arpadi all address the fiduciary duty that partners in a partnership owe to one another. Id.[9] Arpadi is simply not on point under the facts sub judice.
 {¶ 23} Similarly, Brady's reliance on Orshoski is misplaced. In Orshoski, the court held that "* * * in limited situations, a third party may bring an action for negligent misrepresentation against an attorney." The court explained that "the third party entitled to bring such a claim is * * * confined to one directly affected by the attorney's misrepresentation and whose interest is identical to those of that attorney's client." Brady can neither establish that Hickman acted to defeat her inheritance by any misrepresentation nor that her interests are identical to Hickman's client.[10]
 {¶ 24} In regard to the trial court's finding that Brady violated Civ.R. 11, Brady argues that "she did not act willfully or in bad faith, and had good grounds to the best of her knowledge, information and belief to support her complaint." We again disagree.
 {¶ 25} Civ.R. 11 requires that an attorney sign all pleadings, motions, or other documents filed with the court. This signature "constitutes a certificate by the attorney * * * that the attorney has 1) read the document; 2) that to the best of the attorney's * * * knowledge, information, and belief there is good ground to support it; and 3) that it is not interposed for delay." Should a document be unsigned or signed with an intent to defeat the purpose of the rule, the document may be stricken as sham and false. A willful violation of the rule "may be subject to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule." Before sanctions for violating the rule can be imposed, the court must consider whether the attorney complied with the three factors. Ceol v. Zion Indus., Inc.
(1992), 81 Ohio App.3d 286. In the case sub judice, the trial court found that Brady did not comply. We find no error in the trial court's findings.
 {¶ 26} This court has already found that Brady's power of attorney had been revoked.[11] Despite this, Brady filed suit under the guise of being attorney-in-fact under the power of attorney. Although Brady attempts to cloud her error on the confusion and errors occurring within the probate court, she was aware that her authority was revoked, or at least called into question. The trial court found persuasive the fact that Brady is a licensed, practicing attorney in the state of Ohio and that she knows the potential consequences of filing and maintaining a lawsuit.
 {¶ 27} In her opening statement to the court during the hearing on the motion for sanctions, Brady stated that she was not familiar with Ohio probate law. Despite this, and adequate warnings from Hickman of potential Rule 11 violations, Brady elected to pursue this action. Brady stated, "I knew that the power of attorney, I knew that guardian of the estate had put a revocation on file with the county recorder." Despite this knowledge, Brady filed her complaint without clearly referencing the issue for the court.
 {¶ 28} We find no abuse of discretion. Brady's third and fourth assignments of error are overruled.
 V. {¶ 29} In her fifth assignment of error, Brady argues that "the trial court erred in granting an excessive lump sum award of attorney fees and expert fees in contravention of the Principle of Sufficient Severity where Appellees (1) failed to meet their burden of proof that the fees were incurred as a direct result of Appellant's frivolous conduct and (2) acted improperly by failing to disclose potentially exculpatory evidence and mitigate their damages." We find Brady's fifth assignment of error to be without merit.
 {¶ 30} Brady contends that the trial court failed to consider several factors when determining the proper award of attorney fees. These factors include (1) time and labor, novelty of issues raised and necessary skill to pursue the course of action; (2) customary fees in the locality for similar legal services; (3) result obtained; and (4) experience, reputation and ability of counsel. DR 2-106(B); Swanson v. Swanson (1976),48 Ohio App.2d 85. The trial court need not obtain sworn evidence upon each of these factors in awarding attorney fees. R.C.H. Co. v. 3-JMachining Serv., Cuyahoga App. No. 82671, 2004-Ohio-57. These factors are merely guidelines for determining a reasonable fee. Id. Absent an abuse of discretion, as long as sufficient evidence is presented to allow the trial court to arrive at a reasonable attorney fee award, the amount of the award will not be disturbed. Id.
 {¶ 31} In regard to the amount of the fees awarded, the trial court conducted a hearing on the matter wherein Hickman presented an expert witness. Holland testified that the services provided to Hickman by Reminger, minus two deductions, were reasonable.
 {¶ 32} Admitted into evidence were the billing records of Reminger, wherein all services rendered were listed. Holland's expert report found that Hickman sustained damage in an "amount of at least $8,888.80" for services rendered by Reminger between September 16, 2002 and November 30, 2002. Holland testified while on direct examination by Hickman:
"A. I previously reviewed your interim billing statement fromSeptember 12, 2002 through November 30, 2002. And I've justreviewed the remainder of your bill.
 Q. Based upon your review, the billing that you've reviewedand the field materials that you've reviewed, do you have anopinion to a reasonable degree of probability as to thereasonableness of the services performed?
 Reasonableness and/or necessary or just reasonable?
 Q. Reasonableness and necessity.
 Yes, I do."[12]
 {¶ 33} Holland also testified the rate charged by Reminger, namely $140 per hour, to be reasonable. Also admitted into evidence was Reminger's fee of $3,631.50 for the services rendered through April 24, 2003.[13]
 {¶ 34} Of note, Brady did not present an expert to contradict Holland's testimony and did not specifically question the charges contained in the itemizations. Further, when asked if she had any objection to the inclusion of exhibits 1 through 18, which included the itemizations, Brady answered "No." We find the trial court did not abuse its discretion.
 {¶ 35} Brady also argues that Hickman failed to disclose potentially exculpatory evidence and to mitigate their damages. However, Brady's argument centers around the validity of the guardianship established by the probate court. That issue is not properly before this court and, therefore, the merits of same will not be addressed. In regard to mitigation of damages, Hickman sent a letter informing Brady of the deficiencies of her claims in an attempt to avoid having to defend the matter.
 {¶ 36} Brady's fifth assignment of error is overruled.
 VI. {¶ 37} In appellate case number 83989, Brady presents two arguments,[14] the first being that she "satisfied her burden to timely allege operative facts and a meritorious defense under Civ.R. 60(B) in her motion for relief from judgment from attorney sanction; therefore, the denial of appellant's 60(B) motion for relief from judgment was an abuse of discretion," and that the trial court erred by failing to conduct a hearing on the motion for relief. We disagree.
 {¶ 38} As stated above, Hickman filed his motion for sanctions on February 3, 2003. The court granted said motion on June 2, 2003. On October 21, 2003, Brady filed a motion for relief from judgment, which was denied on November 26, 2003. In order to prevail on a motion brought pursuant to Civ.R. 60(B), the moving party must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Rule 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Rule 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. Cuyahoga SupportEnforcement Agency v. Guthrie (1999), 84 Ohio St.3d 437. Failure to meet any one of these requirements is fatal. The judgment of the trial court will not be reversed absent an abuse of discretion. Novak v. CDT Dev. Corp., Cuyahoga App. No. 83655, 2004-Ohio-2558.
 {¶ 39} In the case sub judice, we find that Brady failed to show she is entitled to relief under Civ.R. 60(B)(1)-(5). Brady failed to show mistake, inadvertence, surprise or excusable neglect on behalf of the trial court.[15] On the contrary, the court was quite deliberate in its finding that Brady's lawsuit was frivolous and violative of Rule 11. Brady failed to either present new evidence such that her actions would be excused or to substantiate her allegations of fraud by Hickman and the court.[16] Lastly, the court's judgment has not been satisfied in any way and Brady has failed to present other reasons entitling her to relief.[17] Having failed to meet the requirements for relief under Civ.R. 60(B), the trial court did not err in denying Brady's motion for relief.
 {¶ 40} In regard to the trial court's failure to conduct a hearing on Brady's motion, we again find no error. If the motion for relief fails to allege operative facts that would warrant relief, the court need not conduct a hearing. Weiss, Inc. v.Pascal, Cuyahoga App. No. 82565, 2003-Ohio-5824. As stated above, we find Brady failed to present such facts. The trial court did not abuse its discretion in failing to hold a hearing.
 {¶ 41} Brady's sixth and seventh assignments of error are overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., Concurs; McMonagle, J., Concurs injudgment only.
[1] The answer was by and through Reminger Reminger, Co., LPA ("Reminger").
[2] The trial court's decision was subsequently affirmed by this court. Brady v. Hickman Lowder Co., LPA, Cuyahoga App. No. 82461, 2003-Ohio-5649. (Discretionary appeal denied by Bradyv. Hickman Lowder Co., LPA, 102 Ohio St.3d 1410,2004-Ohio-1763.)
[3] See motion 351154 journalized August 1, 2003.
[4] On October 21, 2003, Brady filed a motion for relief from judgment, which was denied on November 26, 2003.
[5] Brady's appeals were consolidated. Case No. 83041 relates to the trial court's granting of Hickman's motions for sanctions and to clarify. Case No. 83989 relates to the court's denial of Brady's Civ.R. 60(B) motion for relief from judgment.
[6] See motion 351154.
[7] Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Stuffleben v. Cowden, Cuyahoga App. No. 82537, 2003-Ohio-6334.
[8] Fn. 2. On appeal, in Brady v. Hickman Lowder Co., LPA,
Cuyahoga App. No. 82461, 2003-Ohio-5649, this court found that Brady's power of attorney status had been revoked; she failed to assert the existence of an attorney/client relationship such that a professional duty was imposed; and her argument that Hickman was liable under a theory of "negligent misrepresentation" unavailing.
[9] See, also, Euclid Retirement Village, Ltd. v. Giffin,
Cuyahoga App. No. 79840, 2002-Ohio-2710. ("Arpadi dealt with the question of how far a general partner's fiduciary duty extends.")
[10] In fact, as this court found in Case No. 82461, Hickman's client, Edward Brady, was engaged in adversarial proceedings with Nora T. Brady. Brady clearly could not have had the identical interests as Hickman's client.
[11] Fn. 2.
[12] Holland found two fees for services rendered unreasonable and deducted those fees from the total.
[13] The trial court, reviewing the itemizations and testimony of Holland, concluded that Reminger's services totaled $12,374.30.
[14] For sake of continuity, we will consider these to be Brady's sixth and seventh assignments of error.
[15] Civ.R. 60(B)(1).
[16] Civ.R. 60(B)(2),(3).
[17] Civ.R. 60(B)(4),(5).