JOURNAL ENTRY and OPINION
{¶ 1} Appellant Catherine Brady appeals from the final judgment entered on March 22, 2004 approving the application for authority to settle the lawsuit and denying her request for findings of fact and conclusions of law. In addition, appellant is also appealing the final judgment entered on May 6, 2004 denying the exceptions to guardian's first partial account and denying the motion to supplement exceptions to guardian's first partial account. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the trial court.
 I. {¶ 2} This case has a long history with this court; however, we are only going to address the specific appeal before us. This appeal involves a consolidated case, incorporating case numbers 84517 and 84743. Edward Brady, appellant's brother, was appointed as guardian of Nora Brady's person in May 2000. Nora Brady is appellant's mother and was approximately 71 years old at the time of the appointment. In January 2002, attorney John McCaffrey was appointed as guardian of Nora Brady's estate only.
 {¶ 3} Attorney McCaffrey filed his first partial account on January 16, 2004. Appellant filed exceptions to this account and later asked the court for leave to supplement these exceptions. The court overruled both on April 28, 2004. Appellant then asked the court to make findings of fact and conclusions of law; however, the court denied this request as well. These orders are the subject of the appeal in case number 84743.
 {¶ 4} On February 25, 2004, the guardian, John McCaffrey, sought leave to settle a lawsuit which had been filed on the ward's behalf. According to a recent decision by this court in that proceeding, the complaint was originally filed by the appellant pursuant to a power of attorney which the mother had given her.[1] However, the guardian later revoked the power of attorney and substituted himself as plaintiff.[2] The suit alleged that another daughter of the ward and her husband withdrew approximately $100,000 from the mother's Vanguard account. The daughter and husband deposited the money into an account in the mother's name at Key Bank and then applied the proceeds for their personal use.
 {¶ 5} Appellant opposed the guardian's application for leave to settle the case. However, the court eventually granted the guardian's application and denied appellant's request for findings of fact and conclusions of law. These decisions are the subject of the other case in this consolidated appeal, our appellate case number 84517. Appellant now appeals the entry approving the authority to settle the lawsuit, denying her request for findings of fact and conclusions of law and denying the exceptions regarding the guardian's first partial account.
 II. {¶ 6} Appellant's first assignment of error states the following: "The trial court abused its discretion and committed plain error in failing to reject the non-standard Probate Forms 17.0, 17.1, 15.0, 15.1, and 15.2 which must be stricken from the record pursuant to the mandatory provisions of Civil Rule 73(H), utilizing Sup. R. 51 and Sup. R. 52, under the Ohio Constitution, Article IV, Section 5(B)."
 {¶ 7} In the case sub judice, appellant argues that the nonstandard probate forms used in this case did not comport with the requirements of Civ. R. 73(H), Sup. R. 51, and Sup. R. 52.2, and therefore must be stricken from the record. Appellant also states that she had no notice of the guardianship proceeding. We do not find appellant's claims to be well founded.
 {¶ 8} Civ. R. 73(H) states the following:
"Rule 73. PROBATE DIVISION OF THE COURT OF COMMON PLEAS
 "(H) Forms used in probate practice. — Forms used in proceedings in theprobate division of the courts of common pleas shall be those prescribedin the rule applicable to standard probate forms in the Rules ofSuperintendence. Forms not prescribed in such rule may be used aspermitted in that rule."
 {¶ 9} Appellant argues that the trial court erred in failing to reject the nonstandard probate forms the appellee used. However, in this case we find the error to be insignificant. For example, appellant states that a header was omitted from the nonstandard probate form 15.1 and that the type style in the footer was incorrect. Minor clerical errors, such as the form omissions appellant mentions, are not significant and only rise to the level of harmless error.
 {¶ 10} Appellant further argues that personal notice was not achieved in this case; however, personal notice can be waived. Furthermore, although not in standard form, the "waiver of notice and consent" did inform appellant of the guardianship proceeding. The "waiver of notice and consent" signed by appellant expressly states: "We the undersigned do each of us hereby waive the issuing and service of notice, and voluntarily enter our appearance herein. We do hereby consent to the appointment of Edward Brady or some suitable person as guardian of the person of Nora T. Brady." The lack of the case name and number at the top of the document does not materially affect the knowing and voluntary nature of this waiver and consent.
 {¶ 11} Appellant claims that she was misled into signing the waiver and consent form because she was told her signature was necessary to get her mother back on medication. The waiver on its face plainly states its purpose. Therefore, any claims of reliance by attorney Catherine Brady on a third party's statements as to the purpose of the waiver are tenuous at best.
 {¶ 12} Appellant's first assignment of error is overruled.
 III. {¶ 13} Appellant's second assignment of error states the following: "The Probate Court committed prejudicial error when it refused to issue Findings of Fact and Conclusions of Law upon the timely request of Appellant."
 {¶ 14} Appellant's third assignment of error states the following: "The Probate Court erred and abused its discretion by failing to sustain Exceptions to the Guardian's 1st Partial Account."
 {¶ 15} Appellant's fourth assignment of error states the following: "The Probate Court erred, abused its discretion and acted against the manifest weight of the evidence in granting Application Requesting Authority to Settle Lawsuit which settlement is not in the best interest of Nora Brady."
 {¶ 16} Due to the substantial interrelation between appellant's second, third and fourth assignments of error, we shall address them together. Appellant asserts that the court erred by refusing to issue findings of fact and conclusions of law to support its decision overruling exceptions filed by appellant. Appellant further claims that findings and conclusions must be filed upon request as to any decision which involves a fact question.
 {¶ 17} Civ. R. 52 requires the court to issue findings of fact and conclusions of law upon request when the court tries issues of fact without a jury. Neither of the decisions involved in this case, either the exception to the guardian's account or the approval to settle the lawsuit, constitutes a trial of an issue of fact. In addition, it has been held that a judgment entry, though not styled as "findings of fact and conclusions of law," complies with Civ. R. 52 mandates where it recites sufficient facts and legal conclusions which, when combined with the entire record, provide an adequate basis upon which to review the issues presented. Stone v. Davis (1981), 66 Ohio St.2d 74; In reSchoeppner (1976), 46 Ohio St.2d 21; Stephan's Machine Tool v. D HMachinery Consultants (1979), 65 Ohio App.2d 197. Therefore, given the specific facts of this case, findings of fact and conclusions of law were not required.
 {¶ 18} Pursuant to R.C. 2111.18, the guardian has the authority to settle a claim for property damage filed on the ward's behalf with the advice, approval and consent of the probate court. The motion filed by the guardian to request the court's consent did not ask the court to decide any fact question; it asked the court to make a judgment whether the settlement was in the ward's best interest. This is not the type of decision which requires findings of fact and conclusions of law.
 {¶ 19} With respect to the exceptions to the guardian's account, the court stated in its journal entry that it was overruling the exceptions for the reasons stated on the record. The court's reasoning as set forth at the hearing on her exceptions was presumably sufficient to explain the basis for the court's decision. See Brandon/Wiant Co. v. Teamor (1999),135 Ohio App.3d 417, 423 (trial court substantially complies with Civ. R. 52 when its judgment adequately explains the basis for its decision).
 {¶ 20} Appellant finally argues that the court abused its discretion by approving the guardian's application for authority to settle. Appellant suggests various reasons why the court should not approve the settlement. However, in addition to the fact that the court's actions were properly based on the evidence presented, we find appellant has no standing to object in this particular argument. Under R.C. 2111.18, this issue was strictly in the guardian's power, with the court's approval.[3]
Therefore, we find appellant's claim to be without merit.
 {¶ 21} Appellant's second, third and fourth assignments of error are overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas, Probate Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, P.J., and George, J. **, Concur.
*Sitting by assignment: Judge James D. Sweeney, retired, of the Eighth District Court of Appeals.
** Sitting by assignment: Judge Joyce J. George, retired, of the Ninth District Court of Appeals.
[1] In re Guardianship of Nora Brady, Cuyahoga App. No. 83881,2004-Ohio-5972.
[2] Catherine Brady previously acted as attorney-in-fact for her mother, Nora, under a durable power of attorney executed by her mother. In that capacity, Catherine filed a complaint in common pleas court for conversion against these same defendants, captioned Brady v. Benzing and assigned case number CV-462917. Guardian John McCaffrey revoked the power of attorney and was substituted for Catherine as a party. McCaffrey had been appointed guardian of the estate after the probate court declared Nora incompetent. See Brady v. Benzing, Cuyahoga App. No. 81894, 2003-Ohio-3354; see, also, Brady v. Hickman Lowder, Co., LPA, Cuyahoga App. No. 82461, 2003-Ohio-5649.
[3] R.C. 2111.18. Claim for injury to ward or damage to property; settlement. "When personal injury, damage to tangible or intangible property, or damage or loss on account of personal injury or damage to tangible or intangible property is caused to a ward by wrongful act, neglect, or default that would entitle the ward to maintain an action and recover damages for the injury, damage, or loss, and when any ward is entitled to maintain an action for damages or any other relief based on any claim or is subject to any claim to recover damages or any other relief based on any claim, the guardian of the estate of the ward mayadjust and settle the claim with the advice, approval, and consent of theprobate court. In the settlement, if the ward is a minor, the parent or parents may waive all claim for damages on account of loss of service of the minor, and that claim may be included in the settlement. * * *" (Emphasis added.)