[Cite as *Williams v. Sharon Woods Collision Center, Inc.*, 2018-Ohio-2733.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| JEREMY WILLIAMS, | : | APPEAL NO. C-170511 |
| | | TRIAL NO. A-1400300 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| SHARON WOODS COLLISION | : | |
| CENTER, INC., | | |
| | | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 13, 2018

*Elizabeth Ahern Wells* and *Ronald L. Burdge*, for Plaintiff-Appellee,

*Becker & Cade* and *Dennis A. Becker*, for Defendant-Appellant.

**MOCK, Presiding Judge.**

{¶1}   Defendant-appellant Sharon Woods Collision Center, Inc., ("SWCC") appeals from a judgment in favor of plaintiff-appellee Jeremy Williams in an action for violations of the Ohio Consumer Sales Practices Act ("CSPA"). We find no merit in its three assignments of error, and we affirm the trial court's judgment.

### *Factual Background*

{¶2}   Williams was the owner of a 2010 Nissan Maxima, which was involved in an accident. He took the car to SWCC for repair. SWCC represented to consumers that it performed all repairs to automotive specifications with the intent to restore vehicles to their preloss conditions, and that its technicians were trained and certified in the latest automotive advancements. It also represented that it had gold-class certification by I-CAR, a recognized industry training organization, and that it repaired vehicles according to I-CAR guidelines.

{¶3}   Williams subsequently filed a complaint alleging that SWCC had committed unfair, deceptive and unconscionable acts in connection with a consumer transaction, had violated the "Motor Vehicle Repair Rule" set forth in Ohio Adm.Code 109:4-3-13, and had committed fraud. The case proceeded to a jury trial.

{¶4}   The evidence at trial showed that in repairing the car, SWCC had used structural bonding adhesive to attach panels to the car, a method which was not approved by the manufacturer or appropriate under I-CAR guidelines. Williams presented the testimony of three experts, who all testified that the car was not repaired in accordance with Nissan's specifications or I-CAR guidelines, that some repairs in the estimate were not completed, and that the some of the repairs had been done in an unworkmanlike and sloppy manner.

{¶5} The experts also testified that due to the use of the bonding adhesive and the shoddy repairs, the car was unsafe to drive because it was no longer crashworthy. Williams stated that he had stopped driving the car due to its unsafe condition. The experts also testified regarding the car's diminished value after the shoddy repairs, with one stating that it was worthless post repair.

{¶6} The jury found in favor of Williams on both of his CSPA claims. It found that SWCC had (1) represented that the repair of the car had sponsorship, approval, performance characteristics, accessories, uses or benefits that it did not have; (2) represented that the repair was of a particular standard or quality that it was not; (3) represented that the repair had been performed in accordance with a previous representation, when it had not; (4) represented that it had a sponsorship, approval, or affiliation that it did not have; (5) failed to perform the repairs in a workmanlike manner; (6) stalled and delayed or attempted to avoid a legal obligation; (7) charged for labor based on an estimate of time, instead of the actual time to perform the repair; (8) returned the car to Williams in an unsafe condition; (9) failed to provide the consumer with an itemized list of repairs and failed to tender replaced parts; and (10) committed other deceptive and unfair practices.

{¶7} The jury awarded Williams damages of $8,079.78. Subsequently, Williams filed a motion for treble damages, attorney fees and costs. The trial court granted the motion and awarded Williams total damages of $105,462.59, plus interest and costs. SWCC filed a motion for a new trial on the bases of misconduct of the prevailing party, newly discovered evidence, and errors of law at the trial. The trial court overruled that motion, and this appeal followed.

### *Diminution in Value*

{¶8}   In its first assignment of error, SWCC contends that the trial court erred in admitting testimony as to diminution in value and permitting the issue to be considered by the jury.  It argues that while Williams presented evidence regarding the car's value after the repairs and before the accident, he failed to present evidence as to its value after the accident, but before the repairs.  Therefore, Williams failed to meet his burden to show diminution in value.  SWCC also argues that the trial court erred in overruling its motion for a directed verdict because of the lack of evidence of diminution in value.  This assignment of error is not well taken.

{¶9}   SWCC relies on *Falter v. Toledo*, 169 Ohio St. 238, 158 N.E.2d 893 (1959), and *Rakich v. Anthem Blue Cross & Blue Shield*, 172 Ohio App.3d 523, 2007-Ohio-3739, 875 N.E.2d 993 (10th Dist.).  In both of those cases, the courts held that the owner of a damaged vehicle may recover the difference between its market value immediately before and immediately after the collision.  *Falter* at paragraph one of the syllabus; *Rakich* at ¶ 10.  The owner of a vehicle may prove and recover the reasonable cost of repairs provided that the recovery may not exceed the difference between the market value of the vehicle immediately before and after the collision. *Falter* at paragraph two of the syllabus; *Rakich* at ¶ 10-11.

{¶10}  Thus, SWCC argues, since Williams did not present evidence as to the value of the car after the accident but before the alleged shoddy repairs, he cannot recover for diminution in value.  We disagree.  *Falter* and *Rakich* involved tort actions for damages after an automobile accident against a tortfeasor or the insurance company, and not allegations that repairs were not performed properly. Neither involved claims against the repair shop for shoddy repairs under the CSPA. Therefore, we find them to be inapplicable to the present case.

{¶11} The purpose of R.C. Chapter 1345, the CSPA, is to protect consumers from suppliers who commit deceptive or unconscionable sales practices. It is a remedial act that courts must liberally construe in favor of the consumer. *Einhorn v. Ford Motor Co.*, 48 Ohio St.3d 27, 29, 548 N.E.2d 933 (1990); *Ganson v. Vaughn*, 135 Ohio App.3d 689, 692, 735 N.E.2d 483 (1st Dist.1999).

{¶12} R.C. 1345.09(A) states that upon proving a CSPA violation, "the consumer may * * * rescind the transaction or recover the consumer's actual economic damages plus an amount not exceeding five thousand dollars in noneconomic damages." R.C. 1345.09(G) defines "actual economic damages" as "damages for direct, incidental, or consequential pecuniary losses resulting from a violation of Chapter 1345 of the Revised Code and does not include damages for noneconomic loss * * * ."

{¶13} Williams presented expert testimony as the cost to repair the vehicle correctly, which was a valid measure of actual economic damages. *See Albert v. Boatsmith Marine Serv. & Storage, Inc.*, 65 Ohio App.3d 38, 42, 582 N.E.2d 1023 (1st Dist.1989). Despite SWCC's claim to the contrary, he also presented evidence of the car's diminished value due to the shoddy repairs. Another expert testified in depth about how he arrived at his figure for diminished value. He started with the total post-repair diminished value and subtracted the inherent diminished value due to the accident, which he calculated using a standard rate of 30 percent of the car's pre-accident value. The result was the diminished value of the car due solely to the improper repairs. This evidence was relevant to determining the car's diminished value and was proper under the CSPA definition of damages.

{¶14} We review a decision granting or denying a directed verdict de novo. *Hudson v. Cincinnati Group Health Assoc., Inc.*, 1st Dist. Hamilton Nos. C-130164

and C-130181, 2014-Ohio-2161, ¶ 9. The court must grant a directed verdict if, after construing the evidence most strongly in favor of the nonmoving party, it finds that reasonable minds could come to but one conclusion on any determinative issue and that conclusion is adverse to the nonmoving party. *Osler v. Lorain*, 28 Ohio St.3d 345, 347, 504 N.E.2d 19 (1986); *Hudson* at ¶ 9. In ruling on the motion, the court does not weigh the evidence or the credibility of the witnesses, but instead determines whether the evidence was legally sufficient to proceed to a jury. *Osler* at 347; *Hudson* at ¶ 9; *Eysoldt v. ProScan Imaging*, 194 Ohio App.3d 630, 2011-Ohio-2359, 957 N.E.2d 780, ¶ 18 (1st Dist.).

{¶15} Williams presented evidence showing the diminished value of the car after SWCC's repairs. That evidence, if believed, would have allowed reasonable minds to disagree on the damages he had suffered due to the improper repairs. Consequently, the evidence was legally sufficient to proceed to the jury, and the trial court did not err in denying SWCC's motion for a directed verdict. SWCC's first assignment of error is overruled.

### *Attorney Fees*

{¶16} In its second assignment of error, SWCC contends that the trial court erred in awarding attorney fees and expenses. It argues that attorney fees for violations of the CSPA are limited to those violations committed knowingly, and that Williams failed to separate the attorney hours spent on those claims and those that were not. This assignment of error is not well taken.

{¶17} R.C. 1345.09(F)(2) provides that "[t]he court may award to the prevailing party a reasonable attorney fee limited to the work reasonably performed and limited pursuant to section of 1345.092 of the Revised Code, if * * * [t]he supplier has knowingly committed an act or practice that violates this chapter."

6

When awarding attorney fees under R.C. 1345.09(F), the trial court should first calculate the number of hours reasonably expended on the case times an hourly fee, and then may modify that calculation by application of the factors listed in DR 2-106(B). *Bittner v. Tri County Toyota, Inc.*, 58 Ohio St.3d 143, 145, 569 N.E.2d 464 (1991), syllabus; *Bryant v. Walt Sweeney Automotive, Inc.*, 1st Dist. Hamilton Nos. C-010395 and C-010404, 2002-Ohio-2577, ¶ 3-8. A reviewing court may not reverse an award of attorney fees absent an abuse of discretion. *Bryant* at ¶ 37. The trial court abuses its discretion and acts unreasonably when the amount of fees awarded is so high or so low as to shock the conscience. *Bittner* at 146; *Bryant* at ¶ 37.

{¶18} Williams provided the trial court with an itemized listing of the hours and the expenses incurred in pursuing the case, as well as counsel's hourly rates. The trial court stated that it had reviewed them and found them to be reasonable. SWCC did not challenge the reasonableness of the fees. SWCC argues that because the jury found in its favor on Williams's fraud claim and found that SWCC acted knowingly on only two of Williams's claims under the CSPA, the court should only have awarded Williams attorney fees on those claims.

{¶19} The Ohio Supreme Court has held that where claims can be separated so that there is one under the CSPA for which attorney fees may be awarded, and others for which no fees are recoverable, the trial court must only award fees for the time spent pursuing the CSPA claim. *Bittner* at 145; *Bryant* at ¶ 35. But when it is not possible to divide claims in that fashion, such as when claims not covered under the CSPA involve a common core of facts with claims arising under the CSPA, then the court may award attorney fees for all time reasonably spent pursuing all claims. *Bryant* at ¶ 35, citing *Parker v. I & F Insulation Co., Inc.*, 1st Dist. Hamilton No. C-960602, 1998 WL 144510 (Mar. 27, 1998).

7

{¶20} The trial court found that "the claims in this case do stem from a common core of facts and related legal theories," and that Williams "overwhelmingly prevailed on his claims with the jury finding the following violations of the CSPA." The court then listed the 11 violations found by the jury. The court further found that case involved "some complex and detailed factual issues" and that Williams's success "was influenced by counsel's ability to focus the jury on those detailed facts favoring" Williams's claims. The trial court conducted a thorough analysis of the reasonableness of the fees, and we cannot hold that amount of the fees was so high or so low as to shock the conscience. Therefore, the trial court did not abuse its discretion in awarding attorney fees.

{¶21} We note that the jury awarded damages of $8,079.78, and the court awarded attorney fees and costs of over $85,000. But the Ohio Supreme Court has stated the amount of fees awarded need not bear a direct relationship to the dollar amount of the damages. *Bittner*, 58 Ohio St.3d at 144, 569 N.E.2d 464. "A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious * * * claims but relatively small potential damages to obtain redress from the courts." *Id.*, quoting *Riverside v. Rivera*, 477 U.S. 561, 578, 196 S.Ct. 2686, 91 L.Ed.2d 466 (1986). Consequently, we overrule SWCC's second assignment of error.

### *Motion for a New Trial*

{¶22} In its third assignment of error, SWCC contends that the trial court erred in denying its motion for a new trial. It argues that it presented questions of fact going to the heart of Williams's claims that the vehicle was worthless and that the cost of repair exceeded its value. This assignment of error is not well taken.

{¶23} SWCC moved for a new trial on the bases of misconduct of the prevailing party, newly discovered evidence, and error of law occurring at the trial.

*See* Civ.R. 59(A)(2), (8) and (9). SWCC's main argument in its motion for a new trial was misconduct of a prevailing party under Civ.R. 59(A)(2). We review a motion for a new trial based on misconduct under an abuse-of-discretion standard. *Gindling v. Shiff*, 1st Dist. Hamilton No. C-100669, 2012-Ohio-764, ¶ 9; *Fehrenbach v. O'Malley*, 1st Dist. Hamilton No. C-100730, 2011-Ohio-5481, ¶ 17-24.

{¶24} SWCC presented two affidavits stating that Williams had sold the car to a car dealer eight days after the trial. That dealer then sold it to another individual for approximately $11,000, although SWCC did not indicate what, if anything, Williams had received for it. The affidavits further stated that the car was sold in the same condition as it was presented to be in at trial and that "Mr. Williams appears to have sold the vehicle without disclosure" of its condition. Williams responded with affidavit in which he acknowledged selling the car to the dealer in the same condition it was in at trial. He further stated that he fully disclosed all issues with the car, including that the fact that he had sued the body shop, that the car was still disassembled from the last inspection by his expert, and that he had left it overnight so that the dealer could inspect it.

{¶25} We fail to see how Williams's actions constitute misconduct, and nothing in the record shows that SWCC was prejudiced by any alleged misconduct. SWCC contends that these facts undermine the testimony of Williams's expert that the car had no value and that it was unsafe to operate. But SWCC presented its own expert testimony and had an opportunity to rebut Williams's evidence regarding value, and the value that a third-party obtained in a sale after-the-fact was irrelevant to that determination. Nothing in the record demonstrates that the trial court's decision to overrule the motion for a new trial on the basis of misconduct was so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion. *See*

9

*Blakemore v. Blakemore*, 5 Ohio St.3d 217, 218, 450 N.E.2d 1140 (1983); *Pierce v. Durrani*, 2015-Ohio-2835, 35 N.E.3d 594, ¶ 20 (1st Dist.).

{¶26} SWCC also moved for a new trial on the grounds of newly discovered evidence under Civ.R. 59(A)(8). The decision whether to grant or deny a motion for a new trial on the basis of newly discovered evidence was within the trial court's discretion. *Taylor v. Ross*, 150 Ohio St. 448, 83 N.E.2d 222 (1948), paragraph two of the syllabus; *In re S.S.*, 9th Dist. Wayne No. 04CA0032, 2004-Ohio-5371, ¶ 12; *Parker*, 1st Dist. Hamilton No. C-960602, 1998 WL 144510, at *4.

{¶27} Newly discovered evidence means facts in existence at the time of trial of which the aggrieved party was excusably ignorant. Matters occurring after the trial cannot be newly discovered evidence that would justify the granting of a new trial. *Gregory v. Kottman-Gregory*, 12th Dist. Madison Nos. CA2004-11-039 and CA2004-11-041, 2005-Ohio-6558, ¶ 26; *In re S.S.* at ¶ 13; *Bachtel v. Bachtel*, 7th Dist. Mahoning No. 03 MA 75, 2004-Ohio-2807, ¶ 46; *Schwenk v. Schwenk*, 2 Ohio App.3d 250, 252-253, 441 N.E.2d 631 (8th Dist.1982). "New conditions will neither change the result of a past trial nor are they material to the issues at trial." *Bachtel* at ¶ 46. Consequently, the trial court did not abuse its discretion in failing to grant a new trial on the basis of newly discovered evidence.

{¶28} Finally, SWCC sought a new trial under Civ.R. 59(A)(9), on the basis of an error of law occurring at the trial and brought to the attention of the trial court by the party making the application. An appellate court reviews a motion on this basis de novo. *Gallagher v. Firelands Regional Med. Ctr.*, 2017-Ohio-483, 75 N.E.3d 1293, ¶ 18 (6th Dist.); *Wright v. Suzuki Motor Corp.*, 3d Dist. Meigs Nos. 03CA2, 03CA3 and 03CA4, 2005-Ohio-3494, ¶ 128. *See McCarthy v. Sterling Chemicals, Inc.*, 193 Ohio App.3d 164, 2011-Ohio-887, 951 N.E.2d 441, ¶ 17 (1st Dist.).

{¶29} The trial court did not err in failing to grant the motion for a new trial on that basis, because there was no error of law at the trial justifying a new trial. *See Gallagher* at ¶ 18; *Sanders v. Mt. Sinai Hosp.*, 21 Ohio App.3d 249, 252, 487 N.E.2d 588 (8th Dist.1985). SWCC argues that Williams had a duty to mitigate his damages, and that its evidence showing that he sold the car after trial proves that he did not. But SWCC had the opportunity to present evidence regarding the value of the car, and the jury was instructed on the duty of mitigation. *See Jones v. McAlarney Pools, Spas & Billiards, Inc.*, 4th Dist. Washington No. 07CA34, 2008-Ohio-1365, ¶ 18-19; *Pep Boys v. Vaughn*, 10th Dist. Franklin No. o4AP-1221, 2006-Ohio-698, ¶ 44-45. The events after trial did not change the fact that no error of law had occurred.

{¶30} Finally, SWCC argues that the procedure followed by the trial court in ruling on the motion denied it due process. It argues that the judge assigned to the case had assumed the bench the week it was assigned to trial and did not participate in any pretrial proceedings. Even though the case was tried to a visiting judge, the assigned judge ruled on the motion for a new trial. SWCC contends that due to the nature of the issues it raised in its motion, the motion should have been presented to the visiting judge or that the originally assigned judge should have conducted a hearing on the motion.

{¶31} First, SWCC never asked for a hearing on the motion as required by Local Rule 14(C) of the Hamilton County Court of Common Pleas. Therefore, the case could be "considered by the assigned judge for decision," and that judge could "make whatever disposition the judge feels is proper." *See Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, ¶ 15. Additionally, Civ.R. 59 does not require a hearing except when the trial court grants a new trial of its own initiative. *Wolf-Sabatino v. Sabatino*, 10th Dist. Franklin No. 12AP-307, 2012-Ohio-

11

6232, ¶ 21; *Ulrich v. Mercedes-Benz USA, L.L.C.*, 187 Ohio App.3d 154, 2010-Ohio-348, 931 N.E.2d 599, ¶ 28 (9th Dist.).

{¶32} Nothing in the record indicates that the trial judge did not give full and fair consideration to the issues raised in SWCC's motion or that it was denied the opportunity to be heard. Under the circumstances, there was no error in the failure to hold a hearing on the motion or in the assigned judge deciding the motion. Consequently, the trial court did not err in denying SWCC's motion for a new trial, and we overrule its third assignment of error.

{¶33} In sum, we find no merit in SWCC's three assignments of error. We overrule all three assignments of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS** and **DETERS, JJ.,** concur.

Please note:

The court has recorded its own entry this date.