[Cite as *Bales v. Forest River, Inc.*, 2019-Ohio-4160.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

ROGER BALES,                                    :

      Plaintiff-Appellee/           :
      Cross-Appellant,                            No. 107896
                                                    :

      v.                                            :

FOREST RIVER, INC.,                             :

                                                    :
      Defendant-Appellant/
      Cross-Appellee.               :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 10, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-875918

---

### *Appearances:*

Burdge Law Office Co., L.P.A. and Elizabeth Ahern Wells,
Ronald L. Burdge, and Scarlett M. Steuart, *for
appellee/cross-appellant.*

Bruns, Connell, Vollmar & Armstrong, L.L.C. and Kevin C.
Connell, Adam C. Armstrong, and Tara F. Taylor, *for
appellant/cross-appellee.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant/cross-appellee Forest River, Inc. ("Forest

River") and plaintiff-appellee/cross-appellant Roger Bales appeal from a decision of

the trial court awarding Bales $47,637.02 in attorney fees and litigation costs, in connection with the parties' settlement of claims Bales had brought against Forest River for alleged violations of the Ohio Consumer Sales Practices Act and the Magnuson Moss Warranty Act. Forest River contends the trial court failed to provide a sufficient explanation of its attorney fee award and abused its discretion by awarding Bales too much in attorney fees and litigation costs. Bales contends that the trial court abused its discretion by awarding him too little in attorney fees and litigation costs. Finding no merit to the parties' arguments, we affirm the decision of the trial court.

**Factual Background and Procedural History**

{¶ 2} In January 2016, Bales purchased a 2014 Wildwood travel trailer manufactured by Forest River (the "RV") from Ruff's RV Center in Euclid, Ohio. After he purchased it, Bales had a number of problems with the RV that he attempted to have repaired. On February 14, 2017, Bales filed suit against Forest River, asserting claims of breach of express and implied warranties, violations of the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq., ("CSPA") and violations of the Magnuson Moss Warranty Act, 15 U.S.C. 2301 et seq., ("MMWA") (collectively, the "RV warranty claims") based on various alleged "malfunctions, defects and problems" he had experienced with the RV, including:

> electrical issues, frame and axle defects, trailer does not sit level, abnormal and excessive tire wear, defective entertainment center, cook top vent flap replaced, finish cracking under power panel to fridge, finish flaking off of silverware drawer, finish cracking under bedroom sliding doors, bedroom door keeps falling off track, stove front burner

not igniting, foam under sofa seat collapsed, large bow in bathroom wall, tongue jack malfunctions, clips broken on bathroom vent, dinette skirt falling off, outside door won't stay latched, bumper panel had to be repaired, and more.

{¶ 3} Bales alleged that Forest River had breached its warranties because the RV was "out of service for reason of repair" for "more than 100 days in the first year." He sought rescission of the contract and/or damages or other statutory remedies, plus "expenses of suit and litigation," interest from the date of the sales contract and reasonable attorney fees and costs. Forest River filed an answer denying the material allegations of the complaint and asserting numerous defenses. Forest River denied that the RV was defective and claimed Bales had damaged the RV. After the parties completed fact and expert discovery, the case was set for trial.

{¶ 4} On June 27, 2018, the day trial was scheduled to begin, the parties reached a settlement. Forest River agreed to buy back the RV and to pay Bales' "reasonable attorney fees and litigation costs." As stated in the "agreed entry resolving the case" (the "agreed entry"):

> The parties have resolved this matter in that Defendant Forest River, Inc. has agreed to buy back the RV, and to pay Plaintiff's reasonable attorney fees and litigation costs, to be determined by [the] Court in a subsequent Motion for Attorney Fees and Litigation Costs. Plaintiff Roger Bales and Defendant Forest River, Inc. further stipulate and agree that Roger Bales is the prevailing party under all claims in this case for the purpose of seeking attorney fees and litigation costs under R.C. 1345.09(F) and 15 U.S.C. 2310(d).

{¶ 5} On July 13, 2018, Bales filed a motion for attorney fees and ligation costs. Bales requested that the trial court award him $44,417.25 in attorney fees and

$10,499.74 in litigation costs incurred in litigating the RV warranty claims.  The

$44,417.25 in requested attorney fees were broken down as follows:

| Timekeeper | Total Hours | Hourly Rate | Total |
| --- | --- | --- | --- |
| Attorney Burdge | 0.9 hours | $350.00 | $   360.00[1] |
| Attorney Wells | 125.99 hours | $275.00 | $34,647.25 |
| Attorney Steuart | 50.20 hours | $175.00 | $ 8,785.00 |
| Paralegal | 5.0 hours | $125.00 | $   625.00 |
| | | | $44,417.25 |

{¶ 6}   The $10,499.74 in requested litigation costs consisted of $6,000 in expert costs ($4,500 for an expert inspection and $1,500 for expert testimony), $258.95 in filing fees, $31.00 in facsimile transmission costs, $24.10 for delivery service fees, $550.24 for trial-related hotel and meal expenses, $1165.90 in mileage and parking costs, $49.87 in printing costs, $671.23 for photographs, $21.00 in subpoena fees and $1,727.45 in transcript costs.

{¶ 7}   In support of his motion, Bales attached: (1) a copy of the agreed entry; (2) affidavits from Attorneys Ronald Burdge, Elizabeth Ahern Wells and Scarlett Steuart — the three attorneys from Burdge Law Office Co., L.P.A. (the "Burdge law firm") who worked on the case — along with their curriculum vitaes, information regarding their education and experience and itemized billing records; copies of documents related to other cases involving the Burdge law firm in which

---

[1] This breakdown is set out in the "fee and cost summary" attached to Burdge's affidavit in support of Bales' motion for attorney fees and litigation costs.  We note that 0.9 x $350 is not $360 as stated in the summary, but $315.  Because no one has mentioned this error, we do not further address it here.

their clients received significant attorney fee awards; (3) a copy of an affidavit from Attorney Krista Ray, dated October 14, 2010, in which she opined $350 was a reasonable hourly rate for Attorney Burdge;[2] (4) copies of Forest River's pretrial statement and responses to Bales' third set of requests for admissions and (5) a copy of a "United States Consumer Law Attorney Fee Survey Report 2015-2016" edited by Attorney Burdge.

{¶ 8} In his affidavit, Attorney Ronald Burdge averred that Bales had paid a $2,500 retainer and that the Burdge law firm had thereafter agreed to represent Bales in this matter on "a contingent hourly rate fee shifting basis," i.e., if Bales did not prevail, the Burdge law firm had no right to recover attorney fees from Bales beyond the retainer, and that Bales was obligated to pay all litigation expenses.

---

[2] In her affidavit, Attorney Ray indicates that she is an attorney licensed to practice law in Ohio since November 2009, that she is familiar with Attorney Burdge and his education, training and experience, that she is "familiar with attorney fee hourly rates in southwestern Ohio," having "practiced law in various counties in southwestern Ohio on a regular basis since being licensed" and that a reasonable hourly rate for Attorney Burdge in his consumer law cases "would currently be $350." Although no one has raised the issue, we question the extent to which Attorney Ray's affidavit, executed more than eight years before the fee request here, by an attorney who had been practicing in Ohio for less than a year, regarding hourly rates charged in southwest Ohio in 2010, would be probative of the reasonableness of the fees requested in this case.

Nevertheless, while the presentation of testimony from a "disinterested person" or expert may be the "better practice" when establishing the reasonableness of attorney fees, *Grove v. Gamma Ctr.*, 3d Dist. Marion No. 9-12-41, 2013-Ohio-1734, ¶ 31, such testimony is not required to support a finding that attorney fees are reasonable. *See, e.g., Cleveland v. CapitalSource Bank*, 8th Dist. Cuyahoga No. 103231, 2016-Ohio-3172, ¶ 13 ("[I]n Ohio there is no steadfast rule that the 'reasonableness' of attorney fees must be proved by expert testimony. * * * [E]vidence of reasonableness 'may take the form of testimony, affidavits, answers or other forms of sworn evidence. As long as sufficient evidence is presented to allow the trial court to arrive at a reasonable attorney fee award, the amount of the award will not be disturbed absent an abuse of discretion.'"), quoting *R.C.H. Co. v. 3-J Machining Serv.*, 8th Dist. Cuyahoga No. 82671, 2004-Ohio-57, ¶ 25.

Attorney Burdge further averred that the billing statements attached to his affidavit were "[t]rue and accurate itemized details" of his firm's billing records for the case, that "[b]ased on [his] education, training and experience," the hourly rates charged for the legal services he and the other attorneys and paralegal rendered in the case were reasonable and that the time and expenses billed on the case were reasonable and necessary. Attorneys Wells and Steuart included similar averments in their affidavits. In her affidavits, Attorney Wells further detailed the history of the case, including her efforts to resolve the parties' dispute and the fact that her attorney trial time had been previously awarded in other cases.

{¶ 9} Forest River opposed Bales' motion, asserting that the amount of the recovery — i.e., a loan payoff of $14,672.04 in exchange for title to the RV plus a payment of $2,372.32 to Bales — "did not justify fees and expenses of over $50,000" and that the trial court should award Bales only $7,500 in attorney fees because that amount was "more in line" with the "'amount involved and results obtained'" under *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 569 N.E.2d 464 (1991).

{¶ 10} Specifically, Forest River argued that plaintiff's counsel's hourly rates should be adjusted downward because the issues in the case "were not novel or difficult" for the Burdge law firm, "which specializes in consumer law," and that plaintiff's counsel presented no "objective" or "other corroborating evidence" beyond their self-serving affidavits that their hourly rates were "reasonable and customary for similar legal services in the locality." Forest River also argued that it should not be charged (1) for $12,480.25 in attorney travel time billed by Bales'

counsel to travel to Cleveland from their offices in Dayton or (2) for $831.25 in allegedly "duplicative work" billed by Attorneys Wells and Steuart "for their time to appear on the morning of trial and participate in negotiations that resulted in the settlement of the case."

{¶ 11} With respect to the $10,499.74 in requested litigation costs, Forest River argued that Bales' expert witness expenses and attorney travel expenses were excessive and not recoverable under the CSPA or the MMWA. Forest River requested that the trial court award Bales only $2,783.60 in litigation costs to cover the "ordinary expenses of litigation such as subpoena fees, deposition transcripts, postage and copying costs." In support of its opposition, Forest River submitted a copy of a powerpoint presentation showing damage Bales allegedly caused to the RV and copies of journal entries from two Franklin County Common Pleas cases in which the trial court awarded plaintiffs represented by the Burdge law firm significantly lower attorney fee awards than had been requested.

{¶ 12} In response, Bales filed a reply in which he requested a 15 percent enhancement of his attorney fees under *Bittner,* 58 Ohio St.3d 143, 569 N.E.2d 464. In its surreply, Forest River asserted that any enhancement of Bales' attorney fees would be "improper."

{¶ 13} The trial court scheduled a hearing on the motion for attorney fees and litigation costs for September 26, 2018. The hearing did not proceed as scheduled. Instead, the parties agreed that the trial court could rule on Bales'

motion for attorney fees and litigation costs based on the parties' briefs, without a hearing.

{¶ 14} On September 27, 2018, Bales filed a "notice of submission of fee records re prosecution of fee petition," requesting an additional $6,187.50 in attorney fees (22.5 hours at an hourly rate of $275) and $280.19 in litigation costs ($111.25 in mileage and $168.94 in online research costs) for a total of $6,467.69 related to the prosecution of his motion for attorney fees and litigation costs. Forest River opposed the request. It argued that preparation of the motion and reply was "mundane and uncomplicated" and that the additional amounts requested, which included $1,237.50 in attorney travel time, $112.50 in attorney travel expenses and $660.00 in attorney time to oppose Forest River's motion for leave to file a surreply to address the enhancement argument Bales raised for the first time in his reply, were "excessive and unreasonable."

{¶ 15} On October 10, 2018, the trial court issued its decision. It awarded Bales (1) $37,761.51 in attorney fees and in $6,641.67 in litigation costs in connection with the litigation of the RV claims and (2) $3,233.84 in attorney fees and litigation costs "directly relating to the briefing" on Bales' motion for attorney fees and litigation costs. The trial court entered judgment in favor of Bales and against Forest River for "total attorney fees and litigation costs of $47,637.02" plus postjudgment interest and court costs.

{¶ 16} Forest River appealed, raising the following two assignments of error for review:

FIRST ASSIGNMENT OF ERROR:
The trial court erred when it failed to state the basis for its determination on the attorney fees and costs awarded to Mr. Bales as required by *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 569 N.E.2d 464 (1991).

SECOND ASSIGNMENT OF ERROR:
The trial court erred in its award of attorney fees and litigation costs to Mr. Bales in the amount of $47,637.02.

{¶ 17} Bales cross-appealed, raising the following sole cross-assignment of error for review:

The trial court abused its discretion by reducing the amount of attorney fees and litigation costs sought by Plaintiff.

**Law and Analysis**

**Standard for Determining Attorney Fee Award**

{¶ 18} In *Bittner*, the Ohio Supreme Court set forth a two-part test for determining a "reasonable" attorney fee award.[3] First, the trial court multiplies the number of hours reasonably expended by the attorney by a reasonable hourly rate. *Bittner,* 58 Ohio St.3d at 145, 569 N.E.2d 464. This calculation provides "an initial estimate of the value of the lawyers' services." *State ex rel. Harris v. Rubino*, 156 Ohio St.3d 296, 2018-Ohio-5109, 126 N.E.3d 106, ¶ 3. The trial court may then

---

[3] Although *Bittner* involved an attorney fee award under CSPA, courts have applied it to attorney fee awards in other contexts as well. *See, e.g., State ex rel. Harris v. Rubino*, 156 Ohio St.3d 296, 2018-Ohio-5109, 126 N.E.3d 106, ¶ 3 (applying *Bittner* in determining a reasonable attorney fee award under R.C. 733.61 in connection with a successful petition for a writ of mandamus).

adjust the fee upward or downward based on the factors listed in Prof.Cond.R. 1.5(a).[4] *Harris* at ¶ 3, citing *Bittner* at syllabus. These factors include:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent.

Prof.Cond.R. 1.5(a).

{¶ 19} The party seeking an award of attorney fees bears the burden of demonstrating the reasonableness of the requested fees. *See, e.g., Nordquist v. Schwartz,* 7th Dist. Columbiana No. 11 CO 21, 2012-Ohio-4571, ¶ 22 ("The requesting party bears the burden of proving evidence of any hours worked that would be properly billed to the client, proving the attorney's hourly rate, and

---

[4] *Bittner* identified the factors set forth in former DR 2-106(B). After *Bittner* was decided, the Rules of Professional Conduct replaced the Code of Professional Responsibility in Ohio. Accordingly, the factors set out in Prof.Cond.R. 1.5(a) now apply. The factors set forth in former DR 2-106(B) and Prof.Cond.R. 1.5(a) are, however, essentially the same.

demonstrating that the rate is reasonable."), citing *Unick v. Pro-Cision, Inc.*, 7th Dist. Mahoning No. 09MA171, 2011-Ohio-1342, ¶ 28-29.

{¶ 20} Although consideration of the Prof.Cond.R. 1.5(a) factors is commonly described as the "second part" of the *Bittner* attorney-fee-calculation process, the two steps "may overlap * * * because several of the reasonableness factors are often subsumed within the initial lodestar calculation and normally will not provide an independent basis for adjusting the fee award." *Miller v. Grimsley*, 197 Ohio App.3d 167, 2011-Ohio-6049, 966 N.E.2d 932, ¶ 14 (10th Dist.); *see also Harris* at ¶ 12 (where the relevant Prof.Cond.R. 1.5(a) factors were "subsumed within [the court's] initial calculation," the court declined to "further adjust the award based on those factors"). This is because when calculating the initial "lodestar" amount, the trial court should exclude any time the attorney "unreasonably expended," i.e., attorney time that is duplicative, unnecessary or excessive given the tasks performed. *See, e.g., Pack v. Hilock Auto Sales*, 10th Dist. Franklin No. 12AP-48, 2012-Ohio-4076, ¶ 17-18 ("[I]n determining whether hours are unreasonably expended, a trial court inevitably considers the first three reasonableness factors listed above."). "The trial court has the discretion to determine which factors to apply, and in what manner that application will affect the initial calculation." *Bittner,* 58 Ohio St.3d at 146, 569 N.E.2d 464.

{¶ 21} We review a trial court's decision regarding an award of attorney fees for abuse of discretion. *Id.* A trial court abuses its discretion where its decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d

217, 219, 450 N.E.2d 1140 (1983). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *AAAA Ents. Inc. v. River Place Community Urban Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990); *see also Ockunzzi v. Smith*, 8th Dist. Cuyahoga No. 102347, 2015-Ohio-2708, ¶ 9 ("'Abuse of discretion' is a term of art, describing a judgment neither comporting with the record, nor reason."). A trial court also acts unreasonably and abuses its discretion when "the amount of fees determined is so high or so low as to shock the conscience." *Bittner* at 146.

{¶ 22} When making an attorney fee award, the trial court must "state the basis for the fee determination" to allow for meaningful appellate review of the attorney fee award. *Id.* If a trial court's decision awarding attorney fees lacks sufficient explanation, an appellate court will reverse the award and remand the matter for the trial court "to further elucidate its analysis." *Calypso Asset Mgmt., LLC v. 180 Indus., LLC*, 2019-Ohio-2, 127 N.E.3d 507, ¶ 29 (10th Dist.).

**Trial Court's Statement of Basis for Attorney Fee Award**

{¶ 23} In its first assignment of error, Forest River contends that the trial court failed to provide a sufficient statement of the basis for its fee determination under *Bittner* because the trial court did not make specific findings of fact (1) that "the hours submitted through the affidavits of Mr. Bales' attorneys were a reasonable amount of time under the circumstances" and that "the hourly rates submitted by the Burdge firm were reasonable," (2) calculating the number of hours reasonably expended on the case times a reasonable hourly fee and (3) applying and

analyzing each of the relevant Prof.Cond.R. 1.5(a) factors, including specifically identifying which Prof.Cond.R. 1.5(a) factor(s) supported its attorney fee award.

{¶ 24} In this case, the trial court explained the basis for its award of attorney fees and litigation costs, including its calculations and reasoning, as follows:

> To determine reasonable fees to be awarded, the trial court should calculate the number of hours reasonably expended on the case times the hourly fee. This calculation may be modified by those factors listed in DR 2-106(B). The trial court must state the basis for its fee determination. *See Bittner v. Tri-County Toyota,* 58 Ohio St.3d 143 (1991).
>
> Upon reviewing both parties' briefs and plaintiff's breakdown of costs, the court finds:
>
> Plaintiff's requested $44,417.25 for attorney fees is reduced to $37,761.51 as follows:
>
> 1) Duplicative charges for the multiple attorneys' court appearance 06/27/20018 by 50% * * * to $415.62; and
>
> 2) For all travel time incurred, as the court will not order defendant to pay the full plaintiff attorneys' rates for travel, by 50% to $6,240.12.
>
> Plaintiff's requested $10,499.74 for litigation expenses is reduced to $6,641.67 as follows:
>
> 1) By 50% to $3,000.00 for plaintiff's expert report; and
>
> 2) By 50% to $858.07 for travel-related expenses.
>
> Plaintiff's requested attorney fees and litigation costs directly related to the briefing for this decision of $6,467.69 is reduced by 50% to $3,233.84.

{¶ 25} Based on the record before us and the arguments and evidence presented, we believe under the particular facts and circumstances here, the trial court's explanation of its fee award as set forth in its October 16, 2018 journal entry

was a sufficient statement of the basis for the trial court's fee determination to enable us to conduct a meaningful review of the trial court's decision.

{¶ 26} Bales' requested attorney fees and litigation costs were itemized in the affidavits and billing statements submitted in support of Bales' motion. Of those fees and expenses, Forest River specifically challenged only: (1) charges for attorney travel time and travel expenses; (2) $831.25 in charges for alleged "duplicative work" by Attorneys Wells and Steuart; (3) charges for expert witness expenses and (4) charges for prosecuting the motion for attorney fees and litigation costs. Forest River also challenged the fees requested generally, arguing that the trial court should reduce the fees awarded "due to the routine nature of the issues presented in this case" and because the attorney fees and expenses requested were "more than double the amount received by the Plaintiff."

{¶ 27} As an initial matter, we note that the amount of attorney fees awarded in a consumer case "need not bear a direct relationship to the dollar amount of the damages." *Williams v. Sharon Woods Collision Ctr., Inc.,* 2018-Ohio-2733, 117 N.E.3d 57, ¶ 21 (1st Dist.), citing *Bittner,* 58 Ohio St.3d at 144, 569 N.E.2d 464. "'A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious * * * claims but relatively small potential damages to obtain redress from the courts.'" *Bittner* at 144, quoting *Riverside v. Rivera*, 477 U.S. 561, 578, 196 S.Ct. 2686, 91 L.Ed.2d 466 (1986).

{¶ 28} Although Forest River complains that the trial court failed to specifically address and analyze the Prof.Cond.R. 1.5(a) factors in its decision, the

only Prof.Cond.R. 1.5(a) factors Forest River contended warranted a reduction of fees below were Prof.Cond.R. 1.5(a)(1), specifically, "the novelty and difficulty of the questions involved" and Prof.Cond.R. 1.5(a)(4), "the amount involved and the results obtained." As Forest River states in its brief, it "asked the trial court to reduce the fees requested by the Burdge firm due to the routine nature of the issues presented in the case." Forest River did not dispute that the other Prof.Cond.R. 1.5(a) factors supported the hourly rate and fees charged by plaintiff's counsel.[5]

{¶ 29} The cases cited by Forest River are inapposite. This is not a case in which the trial court failed to set out specific reasons for its attorney fee award and the only thing we are able to determine with certainty is the amount awarded. *Compare Santoscoy v. Ganley Nissan, Inc.*, 8th Dist. Cuyahoga No. 75957, 1999 Ohio App. LEXIS 4095, 3, 10-11 (Sept. 2, 1999); *Fine v. U.S. Erie Islands Co.*, 6th Dist. Ottawa No. OT-07-048, 2009-Ohio-1531, ¶ 56-59. This is not a case in which it cannot be reasonably determined from the trial court's decision how it calculated

---

[5] As Forest River states in its rely brief:

Forest River didn't dispute that attorney fees are authorized by the MMWA and the CSPA, that it agreed to pay reasonable fees and litigation costs, or that calculation of the lodestar amount results in a presumptively reasonable fee. Forest River didn't question the burden of proof owed by each party. Forest River didn't challenge the reasonableness of the hourly rate charged by members of the Burdge firm on grounds they were disproportionate to fee charged by other attorneys or claim that the Burdge firm isn't entitled to reasonable compensation for the substantive work they performed in this case.

Instead, Forest River asked the trial court to reduce the fees requested by the Burdge firm due to the routine nature of the issues presented in this case. * * *

the amount of fees awarded. *Compare Ferrari v. Howard*, 8th Dist. Cuyahoga No. 77654, 2002-Ohio-3539, ¶ 74-93. And this is not a case in which the trial court, without explanation, omitted an entire category of requested fees or litigation expenses from its attorney fee award. *See, e.g., Jarmon v. Friendship Auto Sales Co.*, 8th Dist. Cuyahoga No. 86589, 2006-Ohio-1587, ¶ 9.

{¶ 30} In determining the amount of attorney fees to award a party, there is no requirement that the trial court make specific findings regarding factors or issues that are not in dispute. The trial court's decision in this case referenced the *Bittner* test, addressed each of the specific objections raised by Forest River to the amounts requested by Bales and clearly identified each of the reductions made from the amounts requested by Bales (and the reductions it declined to make) in response to Forest River's objections. The trial court clearly explained how it arrived at the amounts it awarded for attorney fees and litigation expenses, including each of the specific adjustments made to the amounts requested in "plaintiff's breakdown of costs," and why. Although Forest River contends that the trial court's decision fails to address Forest River's argument that the requested attorney fees should have been reduced because the "type and extent of work was mundane and uncomplicated," the only specific task Forest River claimed was "mundane and uncomplicated" was the preparation of the "routine" motion and reply in prosecuting Bales' request for attorney fees and litigation costs. The trial court's decision clearly addresses that claim, reducing the requested attorney fees and litigation costs "directly related to the briefing for this decision" by 50 percent.

Forest River did not otherwise explain why it believed the "mundane and uncomplicated" nature of the case warranted a reduction in attorney fees under *Bittner* and presented no evidence in support of such a claim.[6] Accordingly, the trial court did not abuse its discretion in failing to otherwise address this argument in its decision. We overrule Forest River's first assignment of error.

**Award of Attorney Fees and Litigation Expenses**

{¶ 31} Forest River's second assignment of error and Bales' cross-assignment of error are interrelated. Accordingly, we address them together.

{¶ 32} In its second assignment of error, Forest River contends that the trial court erred by ordering Forest River to pay for: (1) Attorney Steuart's "duplicative and redundant" attorney time; (2) attorney travel time and travel expenses; (3) Bales' expert witness expenses and (4) the fees and expenses incurred in prosecuting Bales' motion for attorney fees and litigation costs. Forest River contends that these fees and expenses were excessive, unreasonable and not recoverable under CSPA or MMWA.

{¶ 33} In his cross-assignment of error, Bales argues that the trial court abused its discretion in failing to award him the full amount of attorney fees and

---

[6] The sum and substance of Forest River's argument regarding this issue below was as follows: "Forest River asks the Court to adjust these hourly rates downward because the issues presented by this case were not novel or difficult for the Burdge law firm which specializes in consumer law."

litigation costs requested — $61,384.68[7] — because Forest River agreed to pay "Plaintiff's reasonable attorney fees and litigation costs" as set forth in the agreed entry and failed to present any evidence that any of Bales' requested attorney fees or litigation expenses was unreasonable.

{¶ 34} In this case, the parties stipulated, as part of their settlement agreement, that (1) Forest River would pay Bales "reasonable attorney fees and litigation costs" and (2) Bales was "the prevailing party under all claims in this case for the purpose of seeking attorney fees and litigation costs under R.C. 1345.09(F) and 15 U.S.C. 2310(d)." The parties did not define "litigation costs" in their agreement aside from the references to R.C. 1345.09(F) and 15 U.S.C. 2310(d). R.C. 1345.09(F)(2) provides that "[t]he court may award to the prevailing party a reasonable attorney fee limited to the work reasonably performed if * * * [t]he supplier has knowingly committed an act or practice that violates this chapter." 15 U.S.C. 2310(d)(2) states:

> If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

The MMWA does not define "cost and expenses" as used in this provision.

---

[7] Bales does not contend that the trial court abused its discretion in failing to award an enhancement of his attorney fees as requested in his reply in support of his motion for attorney fees and litigation costs.

{¶ 35} *Black's Law Dictionary* defines "litigation costs" as "[t]he expenses of litigation, prosecution, or other legal transaction, esp. those allowed in favor of one party against another." *Black's Law Dictionary* 423, 1075 (10th Ed.2014). It defines "expense," in relevant part, as "[a]n expenditure of money, time, labor, or resources to accomplish a result." *Id.* at 698.

{¶ 36} Applying these provisions and definitions, we cannot say that the trial court abused its discretion in determining that, pursuant to the parties' stipulation and settlement agreement, Bales was entitled to recover from Forest River the reasonable attorney fees and litigation expenses (including reasonable expert fees and attorney travel expenses) that Bales incurred both (1) in litigating his claims against Forest River and (2) in recovering those attorney fees and litigation costs from Forest River. Likewise, we cannot say, based on the record before us, that the trial court abused its discretion in determining that $37,761.51 in attorney fees and $6,641.67 in litigation expenses related to the litigation of Bales' claims and $3,233.84 in attorney fees and litigation costs "directly relating to the briefing" on Bales' motion for attorney fees and litigation costs were "reasonable" under the parties' stipulation and settlement agreement.[8]

{¶ 37} Bales submitted itemized billing statements detailing each of the expenses and tasks for which compensation was sought, the time spent on each task

---

[8] Given that this dispute arises out of a stipulation and settlement agreement, we note that had the parties wished to exclude (or include) certain items as recoverable "litigation costs" or place a cap (or floor) on the amount of attorney fees that could reasonably be awarded to Bales, they could have addressed this in their stipulation and agreement.

and the applicable hourly rate assessed. The record reflects that this case was pending for more than a year before settlement during which time the parties engaged in fact and expert discovery, participated in settlement negotiations and prepared for trial. The attorneys who worked on Bales' case submitted affidavits in which they averred that the hourly rates charged, the time expended and the litigation expenses incurred were both reasonable and necessary to defend the case and obtain the outcome obtained.

{¶ 38} Forest River challenged only two categories of expenses (1) expert witness fees and (2) attorney travel expenses. Forest River challenged only three aspects of attorney time (1) "duplicative time" resulting from Attorneys Wells and Steuart both appearing for trial and participating in the trial-day settlement negotiations, (2) the fees incurred prosecuting the motion for attorney fees and litigation costs and (3) attorney travel time. Those were the expenses and attorney time the trial court reduced in its fee award.

{¶ 39} With respect to the challenged expert witness fees, Forest River acknowledges that, given the nature of the allegations and the matters at issue, Bales could not have proven its claims against Forest River without expert testimony. Accordingly, a reasonable expert fee was properly compensable as "litigation costs." However, considering the claims and matters at issue in this case, we cannot say that the trial court acted unreasonably, arbitrarily or unconscionably in concluding that $6,000 in pretrial expert witness fees was excessive and limiting the amount of recoverable expert witness expenses to $3,000.

{¶ 40} Likewise, we cannot say, based on the record before us, that the trial court acted unreasonably, arbitrarily or unconscionably in (1) concluding that it was unreasonable for plaintiff's counsel to bill the same hourly rate for their travel time as they billed for providing substantive legal services and (2) awarding 50 percent — and only 50 percent — of Bales' attorneys' "duplicative time," attorney time prosecuting the motion for attorney fees and litigation expenses and attorney travel time and travel expenses. To the extent that the litigation expenses incurred by Bales or the time charged by his attorneys was excessive or unreasonable, Bales was not entitled to recover those sums from Forest River.

{¶ 41} Although it may have perhaps been reasonable for two attorneys to provide legal services at trial if the case had been tried, here, there was no trial because the case settled the morning of trial. Bales' counsel did not establish that full billing for the services of two attorneys was reasonable and necessary given that no trial occurred.

{¶ 42} Counsel for Bales, like counsel for Forest River, was from the Dayton area. As such, handling this case that was pending in Cleveland necessarily involved attorney travel time and travel expense and was, therefore, a "litigation cost" incurred in litigating the RV claims. However, no evidence was presented that counsel with the requisite skill and experience to handle this case could not have been found locally. Accordingly, the trial court did not abuse its discretion in concluding that that the recoverable amount of this attorney time and expense should be reduced by 50 percent.

{¶ 43} Finally, we cannot say, based on the record before us, that the trial court acted unreasonably, arbitrarily or unconscionably in awarding Bales 50 percent — and only 50 percent — of the $6,467.69 in attorney fees and expenses he requested "directly related to the briefing" of his motion for attorney fees and litigation costs. Briefing the motion for attorney fees and litigation costs was a necessary step in the recovery of those fees and costs. As such, it was not unreasonable for the trial court to include, as part of the fee award, a sum for attorney time and costs related to briefing that motion. However, the record reflects that the briefing the Burdge law firm submitted in support of Bales' motion for attorney fees and litigation costs was quite similar to briefing the Burdge law firm had submitted in prosecuting attorney fee requests in other cases. Further, the attorney fees Bales requested for prosecuting the motion included attorney time spent drafting a reply brief seeking an enhancement of fees, which the trial court did not award. Accordingly, the trial court did not abuse its discretion in concluding that that the recoverable amount of attorney time and expense "directly related to the briefing" of Bales' motion for attorney fees and litigation costs should be reduced by 50 percent.

{¶ 44} We overrule Forest River's second assignment of error and Bales' cross-assignment of error.

{¶ 45} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR