■ DAVID STEUERMAN, Respondent, v. J. MARTIN FEINMAN et al., Appellants.— In a negligence action, the defendants appeal from an order of the Supreme Court, Kings County, dated March 15, 1963, which granted plaintiff's motion to open his default in failing to serve a complaint within the time prescribed (former Civ. Prac. Act, § 257) and extended such time. Order reversed, without costs, and motion denied. In our opinion, the explanation of plaintiff's counsel that his file of the case had been misplaced, is insufficient to excuse the unreasonable delay of nearly two years in serving the complaint (cf. *Gallagher* v. *City of New York*, 19 A D 2d 623). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ SAMUEL YOLEN, Respondent, v. ALVIN NEEDLEMAN, Appellant.— In an action to recover upon a series of promissory notes, defendant appeals from an order of the Supreme Court, Westchester County, entered February 21, 1963, which denied his motion: (a) to vacate his default on plaintiff's prior motion for summary judgment; and (b) to vacate the order, entered September 7, 1960 granting such motion and the judgment thereon, entered September 22, 1960. Order appealed from reversed, without costs; defendant's motion is granted to the extent of vacating his default and the order entered September 7, 1960 and permitting defendant to oppose the plaintiff's motion for summary judgment on the merits, upon the condition that the judgment shall remain a lien as security for any recovery which may finally be had against the defendant in the action; and action remitted to the court below for further proceedings not inconsistent herewith. In our opinion the defendant has given a satisfactory reason for his default and should be allowed to oppose the plaintiff's motion for summary judgment on the merits. Beldock, P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.

■ In the Matter of HENRY V. PECORA, Petitioner, v. QUEENS COUNTY BAR ASSOCIATION and GEORGE W. HERZ, Respondents.— In a proceeding to enjoin the respondent Queens County Bar Association from allocating funds to effectuate its plan for the selection of Judges or the indorsement of any candidate for elective judicial office in Queens County, and to restrain respondent George W. Herz, a candidate, from utilizing such indorsement, the Bar Association, pursuant to statute (CPLR, § 5704), makes an ex parte application to this court to vacate or modify the order granted October 25, 1963 by a Justice of the Supreme Court without notice to respondents, staying them pending the determination of the petition returnable in the Supreme Court, Queens County, on October 31, 1963. Application granted; order modified to the extent of vacating *in toto* the temporary stay therein contained; and order further modified by directing that the petition be returnable and heard in the Supreme Court, Kings County, Special Term, Part I, on Tuesday, October 29, 1963, at 10 o'clock in the forenoon. Beldock, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.