[Cite as *Bolek v. Miller-McNeal*, 2016-Ohio-1383.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No.  103320

---

# JOSEPH BOLEK

### PLAINTIFF-APPELLEE

vs.

# TAISHAWN MILLER-McNEAL, ET AL.

### DEFENDANTS-APPELLANTS

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No.  CV-12-787360

**BEFORE:**   Boyle, J., Jones, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:**   March 31, 2016

**ATTORNEY FOR APPELLANTS**

Russell S. Bensing
1360 East 9th Street
Suite 600
Cleveland, Ohio    44114


**ATTORNEY FOR APPELLEE**

David Byrnes
3319 Ardmore Road
Shaker Heights, Ohio    44120

MARY J. BOYLE, J.:

{¶1} Defendants-appellants, Taishawn Miller-McNeal ("McNeal") and Barbara Smith, appeal from a judgment of the trial court granting summary judgment to plaintiff-appellee, Joseph Bolek. In their sole assignment of error, appellants argue that the trial court erred in doing so. After review, we find merit to appellants' arguments and reverse the judgment of the trial court.

## I.   Procedural History and Factual Background

{¶2} McNeal entered into a Family Law Fee Agreement ("agreement") with Bolek in March 2009. Smith, McNeal's mother, also signed the agreement, guaranteeing payment on the contract. The agreement stated an initial retainer of $2,000, with an hourly rate of $300. The agreement further stated that Bolek would send a monthly statement of services rendered, itemizing the time expended and costs advanced. McNeal and Smith were obligated to pay the monthly statement upon receipt, and if they did not, then a monthly interest charge on the outstanding balance at the rate of 10 percent per annum would be applied until the balance was paid in full. The agreement made clear that if the monthly statement "continues to go unpaid," Bolek could withdraw as McNeal's attorney.

{¶3} McNeal hired Bolek to represent her after her ex-husband filed a motion to modify an agreed judgment entry, as well as a motion to show cause and for attorney fees in domestic relations court. The post-decree matter involved custody and visitation

of McNeal's and her ex-husband's children (it is not clear from the record exactly what the dispute involved or how many children McNeal and her ex-husband had).

{¶4} In February 2010, McNeal's ex-husband passed away. On March 10, 2010, the domestic relations court dismissed all pending matters in the case.

{¶5} In July 2012, Bolek filed a complaint for breach of contract against McNeal and Smith alleging that they owed him $39,620.79, plus interest, costs, and reasonable attorney fees, for the services he performed on behalf of McNeal in the domestic relations case.

{¶6} Bolek moved for summary judgment multiple times. The trial court denied the first motion for lack of proper Civ.R. 56 evidence. Eventually, Bolek filed a second motion for summary judgment with the proper evidence (which will be set forth below) under Civ.R. 56, after which the trial court granted his motion. It is from this judgment that McNeal and Smith appeal.

## II. Standard of Review

{¶7} An appellate court reviews a trial court's decision to grant summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). De novo review means that this court "uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal*, 64 Ohio St.2d 116, 119-120, 413 N.E.2d 1187 (1980). In other words, we review the trial

court's decision without according the trial court any deference. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

{¶8} Under Civ.R. 56(C), summary judgment is properly granted when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1976). If the moving party fails to satisfy its initial burden, "the motion for summary judgment must be denied." *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). But if the moving party satisfies

> its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.

*Id.*

## III. Reasonableness and Necessity of Attorney Fees

{¶9} In their sole assignment of error, appellants argue that the trial court erred in granting summary judgment to Bolek because Bolek did not even allege, let alone prove, that his fees were reasonable and necessary.

{¶10} In *Climaco, Seminatore, Delligatti, & Hollenbaugh v. Carter*, 100 Ohio App.3d 313, 323-324, 653 N.E.2d 1245 (10th Dist.1995), the court explained:

> Compensation for services rendered by an attorney is generally fixed by contract prior to employment and the formation of the fiduciary relationship between attorney and client. *Jacobs v. Holston* (1980), 70

Ohio App.2d 55, 434 N.E.2d 738. After the fiduciary relationship is established, the attorney has the burden of establishing the reasonableness and fairness of fees. *Id*. Where, prior to employment, the attorney and client have reached an agreement as to the hourly rate to be charged and the amount of the retaining fee, but the agreement fails to provide for the number of hours to be expended by the attorney, in an action for attorney fees the burden of proving that the time was fairly and properly used and the burden of showing the reasonableness of work hours devoted to the case rest on the attorney. *Id*.

{¶11} Before granting summary judgment, a trial court must determine whether attorney fees are reasonable based upon the actual value of the necessary services performed by the attorney and evidence must exist in support of the court's determination. *Koblentz & Koblentz v. Summers*, 8th Dist. Cuyahoga No. 94806, 2011-Ohio-1064, ¶ 9, citing *In re Hinko*, 84 Ohio App.3d 89, 95, 616 N.E.2d 515 (8th Dist.1992). In making that determination, some of the factors to be considered include "(1) time and labor, novelty of issues raised, and necessary skill to pursue the course of action; (2) customary fees in the locality for similar legal services; (3) result obtained; and (4) experience, reputation and ability of counsel." *Pyle v. Pyle*, 11 Ohio App.3d 31, 35, 463 N.E.2d 98 (8th Dist.1983), quoting DR 2-106(B), *Code of Professional Responsibility*; Annotation, 57 A.L.R.3d 475 (1974).

{¶12} Generally, merely submitting an attorney's itemized bill is insufficient to establish the reasonableness of the amount of work billed. *United Assn. of Journeyman & Apprentices of the Plumbing and Pipe Fitting Industry, Local Union No. 776 v. Jack's Heating, Air Conditioning & Plumbing, Inc.*, 3d Dist. Hardin No. 6-12-06, 2013-Ohio-144, ¶ 25; *Whitaker v. Kear*, 123 Ohio App.3d 413, 424, 704 N.E.2d 317 (4th

Dist.1997); *Climaco, Seminatore, Delligatti & Hollenbaugh*, 100 Ohio App.3d 313, 324, 653 N.E.2d 1245. And, frequently, a party will offer expert testimony to establish that the hours charged were reasonable in light of the litigation's particular facts. *See, e.g., Hawkins v. Miller*, 11th Dist. Lake No. 2011-L-036, 2011-Ohio-6005, ¶ 28 (affirming award of attorney fees where expert testified to the amount of time and hourly rate charged); *Whitaker* at 424-425 (affirming trial court's finding that evidence was sufficient to prove reasonableness of fee request where expert testified to the reasonableness of the time spent on the litigation).

{¶13} In some matters, the requesting party refrains from offering expert testimony but instead offers testimony from other individuals to corroborate the attorney's self-serving testimony that the fee request is reasonable. *See, e.g., Koblentz & Koblentz v. Summers*, 8th Dist. Cuyahoga No. 94806, 2011-Ohio- 1064, ¶ 14 (affirming award of attorney fees in a collection action where both an attorney with the plaintiff law firm and a third-party attorney testified to the nature of the proceedings giving rise to the collection action); *Schottenstein, Zox & Dunn Co., L.P.A. v. Reineke*, 9th Dist. Medina No. 10CA0138-M, 2011-Ohio- 6201, ¶ 26-28 (affirming award of attorney fees in collection action where both an attorney with the plaintiff-law firm and the defendant-client testified the nature of the proceedings giving rise to the collection action).

{¶14} Thus, it is well established that "attorney fees are not justified merely because the lawyer has charged his professional time and expenses at reasonable rates; a

legitimate purpose must also explain why the lawyer spent that time and incurred those costs." *Lillie & Holderman v. Dimora*, 8th Dist. Cuyahoga No. 99271, 2013-Ohio-3431, ¶ 12, citing *Disciplinary Counsel v. Johnson*, 113 Ohio St.3d 344, 2007-Ohio-2074, 865 N.E.2d 873, ¶ 71. As we explained in *Swanson v. Swanson*, 48 Ohio App.2d 85, 355 N.E.2d 894 (8th Dist.1976):

> [D]ifficulties exist with respect to the [trial court's award of attorney fees]. Counsel for the appellee submitted a twenty-three page statement of account for legal services rendered to the appellee. Though that statement purports to concern "all legal services rendered" in the case, an examination of the document reveals that it is concerned only with those services rendered after the separation agreement — commencing on December 4, 1972. Specific actions of counsel are listed, but the amount of the fee requested by the appellee and granted by the court was obtained by a simple mechanical formula. The appellee indicated that a total of 211.7 hours had been expended by her counsel. That figure was multiplied by $40, which represented the minimum fee under the schedule of the Bar Association. This multiplication produced a subtotal of $8,468, to which $312.40 for miscellaneous costs was added, making a total of $8,780.40.
>
> As a matter of law we find that this method of determining fees is deficient. Under both the disciplinary rules and the extensive case law, see annotation 57 A.L.R.3d 475, time expended is only one of the factors to be considered. The value of services may be greater or less than that which would be reflected by a simple multiplication of an hourly rate by time expended. We think that in divorce cases, as in probate cases, "[t]o employ the time clock method alone as the test for legal services * * * would certainly be improper and result in completely inadequate fees in large estates and disproportionately high fees in modest ones." *In re Augar* (1963), 39 Misc. 2d 936, 242 N.Y.S.2d 84, 89, aff'd, 245 N.Y.S. 2d 358.
>
> Indeed, it is recognized that domestic relations cases tend to consume a considerable amount of time and that counsel must generally realize that he cannot always expect full compensation for the time so consumed. *E.g., DeWitt v. DeWitt* (S.D.1971), 191 N.W.2d 177; *Shuman v. Shuman* (Pa.1961), 170 A.2d 602.

*Swanson* at 91-92.

## IV. Analysis

{¶15} McNeal and Smith are correct that in Bolek's summary judgment motion, he merely set forth the law for a breach of contract claim, i.e., the existence of the contract, breach by the defendants, and damages, but he did not set forth any argument or evidence regarding the reasonableness and necessity of his fees. Indeed, he did not even mention "reasonable" or "necessary" in his motion or affidavit attached to his summary judgment motion.

{¶16} In his affidavit, Bolek authenticated the exhibits that were attached to his motion. These exhibits included the agreement between the parties, a docket of the domestic relations matter, itemized statements sent to McNeal and Smith that included detailed billing and the outstanding balance owed, copies of checks that McNeal and Smith paid to Bolek, and an addendum to the parties' agreement that was signed in September 2009. Thus, the question presented here is whether Bolek met his burden of proving that his attorney fees were reasonable and necessary as a matter of law through the evidence that he attached to his summary judgment motion. After review, we find that he did not.

{¶17} Bolek argues that he was not required to offer evidence or expert testimony as to the reasonableness and necessity of his fees because appellants never expressed dissatisfaction with his work on the case or with his fees. He maintains that this is evidenced by appellants entering into an addendum to the agreement with him in September 2009 (when they owed Bolek $26,303.69 as of September 9, 2009). In the

addendum, appellants acknowledged what they owed Bolek at that point, and agreed to pay Bolek $1,200 per month toward the balance and any additional fees incurred. Appellants do not offer any evidence that they expressed to Bolek that they were dissatisfied with his services or his fees.

{¶18} Even though appellants did not express any dissatisfaction to Bolek, he still has not met his burden as a matter of law in this case. In *Lillie & Holderman*, 8th Dist. Cuyahoga No. 99271, 2013-Ohio-3431, at ¶ 10, this court explained:

> Where a client does not make any attempt to contact the attorney during the tenure of the attorney-client relationship to express dissatisfaction with the legal services rendered or the amount being charged for those services and the attorney kept the client apprised of the status of the client's legal matter, no expert testimony regarding the reasonableness of charged fees is required. *Koblentz & Koblentz v. Summers*, 8th Dist. Cuyahoga No. 94806, 2011-Ohio- 1064, ¶ 13, citing *Hermann, Cahn & Schneider v. Viny*, 42 Ohio App.3d 132, 537 N.E.2d 236 (8th Dist.1987); *Reminger & Reminger Co., L.P.A. v. Siegel Co., L.P.A.*, 8th Dist. Cuyahoga No. 77712, 2001 Ohio App. LEXIS 760 (Mar. 1, 2001). In such cases, the attorney can testify to the reasonableness of his own fees. *Id*.

{¶19} In *Lillie & Holderman*, however, we reversed the trial court's judgment granting summary judgment to the attorney, stating:

> The record here reflects that L&H, on December 22, 2008, March 13, 2009, February 15, 2010, October 1, 2010, November 8, 2010 and January 12, 2011, sent appellant statements for services rendered. The records also reflect that from July 12, 2008, through November 5, 2010, appellant made twelve payments totaling $24,000 on the account. Because there was absolutely no evidence that appellant at any point expressed dissatisfaction with the fee L&H was charging for the firm's services, Lillie could testify to the reasonableness of his fees. However, Lillie's affidavit offers no evidence consistent with the above *Pyle* factors to support his legal conclusion that his fees are reasonable. Although Lillie was not required to offer independent expert testimony on the issue of a reasonable rate, he was still required to offer evidence consistent with

*Pyle. Koblentz & Koblentz v. Summers*, 8th Dist. Cuyahoga No. 94806, 2011-Ohio-1064, ¶ 9; *Climaco, Seminatore, Delligatti & Hollenbaugh v. Carter*, 100 Ohio App.3d 313, 653 N.E.2d 1245 (10th Dist.1995). As no such evidence exists in the record we find that the trial court erred in granting summary judgment in favor of L&H on this issue.

*Id.* at ¶ 11.

**{¶20}** Just as in *Lillie & Holderman*, Bolek attached evidence to his summary judgment motion establishing that he sent statements to McNeal and Smith throughout 2009 and 2010. After McNeal's ex-husband passed away, Bolek continued to send statements to appellants regarding payments that they had made on the account. And because appellants never complained to Bolek that his fees were unreasonable, Bolek was competent to testify as to the reasonableness of his rate. Nonetheless, Bolek did not offer any evidence consistent with the above *Pyle* factors regarding the reasonableness and necessity of his fees. Accordingly, Bolek has not met his burden of establishing that the amount of time he spent on the matter (resulting in approximately $55,000 in fees) was reasonable and necessary in the 11-month time period that he represented McNeal.

**{¶21}** Appellants' sole assignment of error is sustained.

**{¶22}** Accordingly, we reverse the judgment of the trial court and remand to the lower court for further proceedings consistent with this opinion.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment

into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY J. BOYLE, JUDGE

LARRY A. JONES, SR., A.J., and
EILEEN A. GALLAGHER, J., CONCUR