[Cite as *Citywide RX, L.L.C. v. Providence Healthcare Mgt., Inc.*, 2026-Ohio-1377.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITYWIDE RX, LLC,                          :

      Plaintiff-Appellee,          :

                              No. 115352

      v.                                   :

PROVIDENCE HEALTHCARE
MANAGEMENT, INC., ET AL.,          :

      Defendants.                  :

[Appeal by Selfridge Leasing, LLC,
Defendant-Appellant]                   :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 16, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-975447

---

### *Appearances:*

Benesch, Friedlander, Coplan & Aronoff LLP and Michael J. Meyer, *for appellee.*

The Coey Law Firm, LLC, and G. Brenda Coey, *for appellant* Selfridge Leasing, LLC.

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant Selfridge Leasing, LLC d.b.a Valley Oaks Care Center ("Selfridge") appeals the decision of the Cuyahoga County Court of Common

Pleas awarding plaintiff-appellee Citywide RX, LLC ("Citywide") attorney fees. Selfridge argues that the attorney fees were unreasonable. After careful review of the record, we affirm.

## I. Facts and Procedural History

{¶ 2} In February 2023, Citywide filed a complaint for account stated, unjust enrichment and breach of contract against 11 nursing homes (hereafter "defendants"), including Selfridge, based on the Pharmacy Services Provider Agreement (the "Agreement") that was entered into between Citywide and each of the 11 defendants in November 2018.[1] The complaint alleged that the defendants, who were all owned and controlled by the same operator, failed to pay for goods and services rendered. The total amount unpaid exceeded $300,000. Citywide also requested reasonable attorney fees based on the Agreement.

{¶ 3} In the trial court, Citywide was represented by the New York firm Morrison Cohen, LLC, appearing pro hac vice, as well as local counsel Benesch, Friedlander, Coplan & Arnoff LLP in Cleveland. The defendants were represented by shared counsel.

{¶ 4} Over the course of discovery, Citywide responded to 13 sets of requests for documents, interrogatories, and requests for admissions, producing over 5,000 pages of discovery. In addition, Citywide was forced to file two motions to compel discovery against the defendants, which were granted by the trial court.

---

[1] We note that Selfridge is the only defendant on appeal.

Despite being ordered to comply with discovery, twice, the defendants failed to provide discovery, forcing Citywide to file a motion to show cause, which was set for hearing but ultimately held in abeyance.

{¶ 5} In June 2024, Citywide filed a motion for partial summary judgment on the issue of liability against 10 defendants, including Selfridge.[2] Although the defendants requested and were granted an extension to respond to Citywide's motion, the defendants did not file a brief in opposition. In August 2024, the trial court granted Citywide's motion, finding defendants liable and awarding money judgments against 10 defendants, including Selfridge. The judgment entry included the Civ.R. 54(B) language that "there is no just reason for delay," thereby creating a final judgment.

{¶ 6} Subsequently, Citywide filed a motion for partial summary judgment requesting attorney fees totaling $434,252.95 against the same 10 defendants. This amount encompassed $383,976.60 for work performed by the New York firm, as well as $50,276.45 for work performed by local counsel in Cleveland. Citywide's motion set forth the Agreement's provisions that allowed for the recovery of court costs and reasonable attorney fees for enforcement of the Agreement. The motion attached evidence, including affidavits, numerous exhibits detailing the hours worked and the hourly rate, as well as the people performing the work.

---

[2] Citywide is still pursuing judgment against the 11th defendant.

**{¶ 7}** The defendants opposed the motion contending that (1) the attorney fees for the New York firm were excessive for the locale in which the case was litigated and requesting a two-thirds reduction in fees; (2) the defendants should not have to pay for local counsel fees; (3) the attorney fees were excessive when compared to the limited activity in the litigation; and (4) the Agreement did not contemplate recovery of fees charged for support staff. Much of the brief argued against joint and several liability. Neither party requested a hearing on the matter.[3]

**{¶ 8}** After briefing, the court awarded Citywide the requested amount of attorney fees. Each of the 10 defendants were ordered to pay $39,477.54, which equated to $34,906.95 to the New York firm and $4,570.58 to local counsel.[4]

**{¶ 9}** In the written opinion, the trial court found that Citywide was the prevailing party and that the Agreements between Citywide and the defendants contained a provision that allowed for the recovery of attorney fees, which stated:

> Attorneys' Fees: If either party brings an action against the other party to enforce any condition or covenant of the Agreement, the substantially prevailing party shall be entitled to recover its court costs and reasonable attorneys' fees incurred in such action.

(Complaint, Exhibit A, Selfridge Agreement § 7.11.) In addition, the trial court specifically noted the Agreement provided a provision that should the Agreement

---

[3] Selfridge alleges in its reply brief to this court that the defendants requested a hearing on the motion for attorney fees; however, the record does not support Selfridge's assertion.

[4] Citywide is still pursuing a judgment against the 11th nursing home defendant, which would account for the remaining $39,477.54.

terminate because of the defendants' "failure to remit payment . . . then [Citywide] shall be compensated for the cost of enforcing this Agreement and [Citywide's] other losses including reasonable attorney and court costs." (Opinion, July 21, 2025.)

{¶ 10} In addition, the trial court addressed the defendants' arguments as set forth in their brief in opposition, stating:

> Defendants argue the Court should reduce the requested award by 2/3 to account for . . . the amount of $289,501.97 to "bring[...] the hourly rate in-line with Ohio rates," and eliminate local counsel's fees charged, as well as cap the hours reimbursed at 300 hours. However, the Court finds that [Citywide] has demonstrated that the rates charged by all counsel are reasonable, inclusive of law firm personnel as provided under Ohio law, and that the hours expended were likewise reasonable in light of the delay in responsive discovery from the Defendants.

(Opinion July 21, 2025.) The court again included the Civ.R. 54(B) language that there is no just cause for delay.[5]

{¶ 11} It is from this order that Selfridge appeals, raising the following assignment of error for our review:

> The trial court erred in granting Citywide's motion for attorney fees when the hourly rates and hours billed were unreasonable.

## II. Law and Analysis

### Standard of Review

{¶ 12} Although both parties suggest that the standard of review is an abuse of discretion, we disagree because Citywide requested attorney fees by way of a motion for partial summary judgment after prevailing on its breach-of-contract

---

[5] Court costs were not requested or ordered at the time of this appeal.

claim. An appeal from summary judgment is reviewed under a de novo standard. *Cleveland Elec. Illum. Co. v. Cleveland*, 2020-Ohio-4469, ¶ 13-15 (8th Dist.), citing *Baiko v. Mays*, 140 Ohio App.3d 1, 10 (8th Dist. 2000); *see e.g. Bolek v. Miller-McNeal*, 2016-Ohio-1383 (8th Dist.) (reviewing de novo a motion for summary judgment granting attorney fees after prevailing on a breach-of-contract claim). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Id.*, citing *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 192 (8th Dist. 1997).

## Summary Judgment

{¶ 13} Civ.R. 56(C) provides that before summary judgment may be granted, a court must determine that

> (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.

{¶ 14} Civ.R. 56(C) also provides an exclusive list of materials that parties may use to support a motion for summary judgment:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.

{¶ 15} The moving party carries the initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). If the movant meets this burden, the burden then shifts to the nonmoving party to provide evidence showing that a genuine issue of material fact exists. *Id.* at 293. The nonmoving party cannot simply rest on its pleadings. *Id.*

### Attorney Fees

{¶ 16} On appeal, Selfridge does not contest liability or that Citywide is entitled to reasonable attorney fees according to the Agreement. Rather, Selfridge asserts that the amount awarded was unreasonable.

{¶ 17} "The party seeking an award of attorney fees bears the burden of demonstrating the reasonableness of the requested fees." *Alcorso v. Correll*, 2021-Ohio-3351, ¶ 40 (8th Dist.). "Evidence of reasonableness 'may take the form of testimony, affidavits, answers or other forms of sworn evidence. As long as sufficient evidence is presented to allow the trial court to arrive at a reasonable attorney fee award[.]'" *Bales v. Forest River, Inc.*, 2019-Ohio-4160, ¶ 7, fn. 2 (8th Dist.), quoting *R.C.H. Co. v. 3-J Machining Serv.*, 2004-Ohio-57, ¶ 25 (8th Dist.). Thus, in the absence of conflicting evidence, an attorney's affidavit alone may be sufficient to support an award of attorney fees. *Metron Nutraceuticals v. Thomas*, 2022-Ohio-79, ¶ 36 (8th Dist.), citing *Manninen v. Alvarez*, 2014-Ohio-75, ¶ 24 (12th Dist.).

{¶ 18} In the instant case, Citywide's motion for summary judgment included affidavits from an attorney at the New York law firm, as well as local counsel, in accordance with Civ.R. 56(C). Both affidavits attested to the work performed by each firm and the reasonableness of their fees. In addition, attached to the New York attorney's affidavit were the numerous filings from the case, the contracts, as well as the invoices sent to Citywide and a detailed breakdown of who performed the tasks, the time spent, and the hourly wage. Similarly, attached to local counsel's affidavit was a breakdown of the dates Citywide was billed, as well as the amount billed for each month. This type of billing is commonly known as block billing.

{¶ 19} By contrast, Selfridge filed a seven-page brief in opposition citing an Ohio Bar Association publication stating that the average hourly rate for an attorney in private practice with more than 26 years of experience was $250 per hour in 2018. Based on this information, Selfridge requested that the trial court reduce the New York firm's hourly rate by two-thirds. Next, Selfridge asserted that the defendants should not be responsible for local counsel's fees because the Agreement did not contemplate defendants would be responsible for two separate law firms. No caselaw or Civ.R. 56(C) evidence was cited for this argument. Finally, Selfridge argued that the hours worked were excessive in light of the effort required for the case and that the Agreement did not contemplate recovery for litigation support personnel. No caselaw was cited for this argument nor was there any evidence provided that the hours were excessive.

{¶ 20} On appeal, Selfridge now argues that (1) the hourly rates charged by the New York firm are significantly higher than the rates charged by attorneys in the locale where the case was litigated; (2) the hours billed included time that was duplicative and/or administrative; and (3) that the attorney fees awarded to local counsel were unreasonable because the local attorney did not provide detailed billing and the Agreement did not contemplate multiple law firms.

{¶ 21} Citywide contends, and we agree, that Selfridge raises new arguments on appeal, specifically, Selfridge's contention that the hours billed were duplicative or administrative and that local counsel did not provide detailed billing.[6] We also note that Selfridge did not point to anything in the record that suggests duplicative billing.

{¶ 22} Indeed, it is well-settled that a party cannot raise new arguments and legal issues for the first time on appeal and that failure to raise an issue before the trial court waives that issue for appellate purposes. *Cleveland Town Ctr., L.L.C. v. Fin. Exchange Co. of Ohio, Inc.*, 2017 Ohio-384, ¶ 28 (8th Dist.); *Kalish v. Trans World Airlines, Inc.*, 50 Ohio St.2d 73, 79 (1977) (Appellate courts "will not consider a question not presented, considered, or decided by a lower court."). Furthermore, App.R. 16(A)(7) requires that an appellant's brief include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the

___

[6] This court has held that block billing does not automatically preclude an award of attorney fees. *Christen v. Continental Ents.*, 2020-Ohio-3665 ¶ 46-47 (8th Dist.).

authorities, statutes, and parts of the record on which appellant relies." Moreover, App.R. 12(A)(2) provides that "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)." The burden is on the appellant, not the appellate court, to construct the legal arguments necessary to support an appellant's assignment of error. *Doe v. Cuyahoga Cty. Community College*, 2022-Ohio-527, ¶ 25 (8th Dist.), citing *Taylor-Stephens v. Rite Aid of Ohio*, 2018-Ohio-4714, ¶ 121 (8th Dist.). Appellate courts are not advocates. *Id.* Thus, we will not consider these arguments.

{¶ 23} We now turn to Selfridge's argument that the hourly rates charged by the New York firm are significantly higher than the rates charged by attorneys in Cuyahoga County; therefore, Selfridge concludes that the rates are unreasonable. We disagree.

{¶ 24} "Before granting summary judgment, a trial court must determine whether attorney fees are reasonable based upon the actual value of the necessary services performed by the attorney and evidence must exist in support of the court's determination." *Bolek*, 2016-Ohio-1383, at ¶ 11 (8th Dist.), citing *Koblentz & Koblentz v. Summers*, 2011-Ohio-1064, ¶ 9 (8th Dist.), citing *In re Hinko*, 84 Ohio App.3d 89, 95 (8th Dist. 1992). In making that determination, some factors to be considered include the time and labor involved in maintaining the litigation, the novelty and difficulty of the questions presented, the professional skill required to

perform the necessary legal services, the reputation of the attorney, and the results obtained. *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 145-146 (1991). Additional factors to consider are "the fee customarily charged in the locality for similar legal services" and "the amount involved and the results obtained." *Auber v. Marc Glassman, Inc.*, 2002-Ohio-2749, ¶ 26 (8th Dist.).

{¶ 25} "When ruling on a request for attorney fees, a trial court must determine the 'lodestar,' which is the attorney's reasonable hourly rate multiplied by the number of hours reasonably worked on the litigation." *Scott v. First Choice Auto Clinic, Inc.*, 2023-Ohio-3855, ¶ 45 (10th Dist.), citing *Bittner* at 145. "There is a strong presumption that the lodestar amount is the proper amount for an attorney-fee award." *Id.*, citing *Phoenix Lighting Group L.L.C. v. Genlyte Thomas Group, L.L.C.*, 2020-Ohio-1056, ¶ 19. Furthermore, "the prevailing market rate can often be calculated based on a firm's normal billing rate because, in most cases, billing rates reflect market rates, and they provide an efficient and fair short cut for determining the market rate." *Phoenix Lighting Group* at ¶ 11, quoting *Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 422 (3d Cir. 1993).

{¶ 26} Selfridge asserts that the hourly rate for attorneys in Cuyahoga County is one-third the rate of the New York attorneys whose rate ranged from $560 per hour in 2023 for an associate to $1,950 per hour in 2025 for a partner. Selfridges cites *State ex rel. Harris v. Rubino*, 2018-Ohio-5109, and *Northeast Ohio Coalition for the Homeless v. Husted*, 831 F.3d 686 (6th Cir. 2016), for the proposition that

attorneys in Cuyahoga County charge two-thirds less than the New York firm. We find Selfridge's reliance on these two cases misplaced.

{¶ 27} In *Rubino*, the Ohio Supreme Court reviewed an application for attorney fees in a case involving a successful petition for a writ of mandamus in a zoning case originating in Cuyahoga County. The *Rubino* Court accepted attorney fees ranging from $200 per hour up to $550 per hour to be reasonable based on an affidavit of an independent attorney attesting that the fees were reasonable. *Id.* at ¶ 4. Ultimately, the Court reduced the total amount awarded because some of the tasks were billed twice. Importantly, *Rubino* was litigated prior to September 2018; therefore, the attorney fee rates were prior to September 2018.

{¶ 28} Likewise in *Northeast Ohio Coalition*, the Sixth Circuit Court of Appeals reviewed attorney fees in an election-law case finding that attorney rates from $300 per hour up to $600 per hour to be reasonable. *Id.* at 715. In addition, the Court stated that "[m]ultiple-lawyer litigation is common and not inherently unreasonable." *Id.* at 704. The Circuit Court also affirmed the District Court's decision declining to use the Ohio State Bar Association's survey regarding attorney fee rates because the report specifically stated that it was not intended for use in setting attorney fees or salaries and the report understates rates because many attorneys failed to respond to the survey. *Id.* at 719. Importantly, *Northeast Ohio Coalition* was litigated in 2012 and 2013; therefore, the attorney fee rates were nearly a decade old compared to the instant case.

{¶ 29} Here, Citywide presented a current affidavit from the associate attorney who completed a majority of the work on the case, as well as itemized billing statements for the work performed. A review of the evidence submitted reveals that most of the attorney hours billed by the New York firm were at the associate rate of $750 per hour at the beginning of litigation and $850 per hour at the end of litigation after the associate received a promotion. This case was litigated in 2023, 2024, and 2025; therefore, we find that Selfridge's reliance on attorney rates charged in 2012, 2013, and 2018 is unreasonable. Moreover, taking into consideration that the $600 per hour rate was a reasonable rate in Ohio in 2012, we can hardly say that the rates charged by the New York firm are unreasonable more than a decade later.

{¶ 30} Additionally, Selfridge argues that Citywide failed to submit expert testimony regarding whether the rates charged by the New York firm were similar to the rates charged in Cuyahoga County and, thus, the trial court could not find that the rates charged by the New York firm's attorneys were reasonable. We find this argument unpersuasive because there is no steadfast rule in Ohio that the "reasonableness" of attorney's hours or hourly rate must be established by expert testimony. *Brantley, Inc. v. Tornstrom*, 2024-Ohio-2908, ¶ 40 (8th Dist.), citing *Alcorso*, 2021-Ohio-3351, at ¶ 37 (8th Dist.). "While the presentation of testimony from a 'disinterested person' or expert may be the 'better practice' when establishing the reasonableness of attorney fees, it is not required to support a finding that attorney fees are reasonable." *Bales,* 2019-Ohio-4160, at ¶ 7, fn. 2 (8th Dist.).

{¶ 31} Here, Citywide presented Civ.R. 56(C) evidence including affidavits, itemized billing, numerous filings, and the contracts to establish that the hours worked and rates charged were reasonable considering the over two years of litigation that ensued in this case. Whereas, Selfridge relied on the rates suggested in an Ohio State Bar Association article from 2018 and caselaw describing reasonable rates from a decade ago. Selfridge provided no evidence, as set forth in Civ.R. 56(C), to show that a genuine issue of material fact remained to be litigated as to the reasonableness of the attorney fees. Therefore, when viewing the evidence in a light most favorable to the nonmoving party, we cannot say that a genuine issue of material fact remains to be litigated.

{¶ 32} Citywide was the prevailing party in this litigation and thus, according to the Agreement, is entitled to reasonable attorney fees. Furthermore, we agree with the trial court's finding that Citywide demonstrated that the rates charged as well as the hours expended were reasonable considering the length of the litigation and the amount of discovery and motions filed, as well as the delay in responsive discovery that was solely attributed to the defendants.

{¶ 33} Accordingly, Selfridge's sole assignment of error is overruled.

{¶ 34} Judgment affirmed.

It is ordered that appellee Citywide recover from appellant Selfridge the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

MICHELLE J. SHEEHAN, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR